# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| ROBERT R. BELL, JR., on Behalf of Himself and All Others Similarly Situated<br>12040 Ridge Road<br>Renovo, PA 17764<br><br>    Plaintiff,<br><br>vs.<br><br>US XPRESS, INC.<br>4080 Jenkins Road<br>Chattanooga, TN 37421<br><br>    Defendant. | CASE NO.<br><br>JUDGE |

## CLASS ACTION COMPLAINT

### (Jury Demand Endorsed Hereon)

Now comes the plaintiff, Robert R. Bell, Jr., on behalf of himself and all other similarly situated individuals alleges the following claims:

### NATURE OF THE ACTION

1.    This is a class action on behalf of consumers who were the subject of criminal background reports obtained by US Xpress, Inc. ("US Xpress") as a precondition of employment with US Xpress between the five-year period preceding the date of filing and the present, inclusive (the "Class Period") seeking remedies under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, *et seq.*

### JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15

U.S.C. §1681p.

3. Venue is proper in the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the Eastern District of Tennessee. 28 U.S.C. §1391(b). Further, US Xpress maintains a principal place of business in this judicial district.

**PARTIES**

4. Robert R. Bell, Jr. ("Bell") is a citizen of the State of Pennsylvania and a "consumer" within the meaning of 15 U.S.C. §1681a.

5. US Xpress is a for-profit corporation organized under the laws of the State of Nevada. At all times relevant hereto, US Express was doing business in the State of Tennessee.

6. Further, US Xpress is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. §1681a.

**ALLEGATIONS AS TO THE NAMED PLAINTIFF**

7. On or about October 2, 2009, Bell applied via facsimile for a commercial truck driver position with US Xpress.

8. As part of his job application, Bell signed a document purportedly authorizing US Xpress to request "information concerning my driving record and / or information from various **state agencies** that maintain records concerning credit record, criminal history, traffic offenses and accidents, as will [sic] as information my previous driving record request made by others from such **state agencies**." This language is written in approximately size 5 font and is barely discernible.

9. Bell did not authorize, nor was he requested by US Xpress verbally,

electronically, or in writing, to authorize the procurement of a consumer report.

10. Further, prior to obtaining Bell's criminal background report, US Xpress did not provide Bell with verbal, electronic, or written notice of his right to obtain a free copy of a criminal background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

11. On the same day Bell submitted his employment application, US Xpress – without any authorization from Bell – ordered a criminal background report regarding Bell from HireRight Solutions, Inc. ("HireRight"), a consumer reporting agency as defined by 15 U.S.C. 1681a. Within seconds of receiving Bell's demographic information through its website, HireRight provided US Xpress with a criminal background report that grossly misidentified Bell as having been convicted of felony burglary, felony robbery, grand larceny, and several parole violations, all leading to a ten-year prison sentence. None of these crimes were committed by Bell.

12. On October 2, 2009, immediately after receiving the subject criminal background report, US Xpress took adverse action against Bell by determining not to hire him based upon the results of the report.

13. At no time did US Xpress provide Bell with any verbal, written, or electronic notice that it intended to take adverse action by declining employment based upon the results of the report.

14. Bell was never advised by US Xpress of the reason for the adverse action, nor did he learn of the inaccurate report until receiving a copy via U.S. Mail from HireRight on or about October 7, 2009, when he received a derogatory letter and a copy of the report from HireRight.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

15. For at least five (5) years, US Xpress has purchased criminal background reports from HireRight or its affiliates regarding job applicants, which are used for employment purposes.

16. US Xpress does not seek or receive an appropriate authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2)(B) prior to obtaining these criminal background reports.

17. Further, US Xpress does not provide adverse action notice to job applicants verbally, electronically, or in writing (i) that adverse action has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report, as required by 1681b(b)(3)(B).

18. US Xpress's violations of the FCRA have been willful, wanton and reckless in that US Xpress knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

19. 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

20. Pursuant to F. R. Civ. P. 23, Bell brings this action on behalf of the Class initially defined below:

> Consumers residing in the United States who applied for employment with US Xpress via facsimile, telephone, electronic mail, by regular mail, or other similar means and during the application process, US Xpress procured a criminal background report or other consumer report without first obtaining verbal, electronic, or written authorization to procure a consumer report, and did not provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

21. Bell also alleges the following subclass, of which he is a member:

> Consumers residing in the United States who applied for employment with US Xpress via facsimile, telephone, electronic mail, by regular mail, or other similar means and whom US Xpress took adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report, as required by 1681b(b)(3)(B).

22. Upon information and belief, the putative Class exceeds 1,500 members. Information concerning the exact size of the putative class is within the exclusive possession of US Xpress.

23. The Class members are so numerous that joinder of all members is impracticable.

24. Bell's claim is typical of the claims of the other Class members as all Class

members were similarly affected by US Xpress's unlawful conduct in violation of the FCRA.

25. Bell will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex litigation. Bell is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Bell's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

26. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

    a. Whether US Xpress violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

    b. Whether US Xpress violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic, or written consent to procure a consumer report;

    c. Whether US Xpress, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency as required by §1681b(b)(3)(B)(i)(I);

    d. Whether US Xpress, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by §1681b(b)(3)(B)(i)(II);

e. Whether US Xpress, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by §1681b(b)(3)(B)(i)(III);

f. Whether US Xpress, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report. as required by §1681b(b)(3)(B)(i)(IV);

g. Whether US Xpress, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provides the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this Fair Credit Reporting Act.

h. Whether US Xpress knowingly and intentionally acted in conscious disregard of the rights of the consumer.

i. Whether US Xpress was negligent in its (or had a complete lack of) training, supervision, and/or implementation of policies and procedures concerning the appropriate usage of consumer reports.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

28. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties

7
Case 1:11-cv-00181-CLC-WBC   Document 1   Filed 07/08/11   Page 7 of 12   PageID #: 7

to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE – CLASS CLAIM
## AUTHORIZATION

29. Bell realleges and incorporates by reference all preceding allegations of law and fact.

30. US Xpress willfully violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain the applicants' oral, written, or electronic consent prior to procuring a consumer report for employment purposes.

31. Bell and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

32. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

33. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that US Xpress was negligent in its training, supervision and/or implementation of policies and procedures designed to protect consumers (similar to Bell and the Class) from injury or harm resulting from the inappropriate use of consumer reports as set forth in the FCRA. More specifically, Bell and the Class submit: (a) US Xpress, through its policymakers, knew, or should have known, that its employees were not following the procedural requirements set forth in the FCRA; (b) US Xpress, through its policymakers, failed to establish an appropriate policy to ensure compliance with the FCRA; (c) US Xpress, through its policymakers, elected not to train, or effectively train, its employees on the proper usage of consumer reports under the FCRA; (d) US Xpress, through its policymakers, elected not to

supervise, of effectively supervise, its employees' use of consumer reports under the FCRA. Bell and the Class seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

**COUNT TWO – CLASS CLAIM**
**NOTICE OF 1681m(a)(3) RIGHTS**

34. Bell realleges and incorporates by reference all preceding allegations of law and fact.

35. US Xpress willfully violated 15 U.S.C. §1681b(b)(2)(B)(i) by failing to provide the applicant with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

36. Bell and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

37. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

38. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that US Xpress was negligent in its training, supervision and/or implementation of policies and procedures designed to protect consumers (similar to Bell and the Class) from injury or harm resulting from the inappropriate use of consumer reports as set forth in the FCRA. More specifically, Bell and the Class submit: (a) US Xpress, through its policymakers, knew, or should have known, that its employees were not following the procedural requirements set forth in the FCRA; (b) US Xpress, through its policymakers, failed to establish

an appropriate policy to ensure compliance with the FCRA; (c) US Xpress, through its policymakers, elected not to train, or effectively train, its employees on the proper usage of consumer reports under the FCRA; (d) US Xpress, through its policymakers, elected not to supervise, of effectively supervise, its employees' use of consumer reports under the FCRA. Bell and the Class seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

**COUNT THREE – CLASS CLAIM**
**ADVERSE ACTION**

39. Bell realleges and incorporates by reference all preceding allegations of law and fact.

40. US Xpress willfully violated 15 U.S.C. §1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

41. Bell and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

42. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

43. In the alternative to the allegations that these violations were willful, Bell and the

Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

**WHEREFORE,** Bell, and the putative class respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy for US Xpress's unlawful conduct;

C. Statutory and punitive damages for all class claims;

D. Attorneys' fees, expenses and costs;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Such other relief as the Court deems just and proper.

Respectfully submitted,

ORTALE, KELLEY, HERBERT & CRAWFORD

By: /s/ Michael Schmitt
Michael Schmitt (TN Bar 026573)
200 Fourth Avenue North
P.O. Box 198985
Nashville, Tennessee 37219-8985
Telephone:     (615) 780-7526
Facsimile:     (615) 726-1494
Email:         MSchmitt@ortalekelley.com

and

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Matthew A. Dooley
Matthew A. Dooley (OH Bar 0081482)*
Dennis M. O'Toole (OH Bar 0003274)*
Anthony R. Pecora (OH Bar 0069660)*
5455 Detroit Road
Sheffield Village, Ohio 44054

Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@sheffieldlaw.com
dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com

*Admission pending*

*Attorneys for Robert R. Bell, Jr. and the putative class*

## JURY DEMAND

Bell demands a trial by a jury as to all issues presented herein.

/s/ Michael Schmitt

G:\27\27096\Complaint (Revised).docx