LUBIN AND ENOCH, P.C.
Stanley Lubin (003076)
Nicholas J. Enoch (016473)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:   (602) 234-0008
Facsimile:   (602) 626-3586
Email:   stan@lubinandenoch.com
         nick@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Dennis M. O'Toole (0003274)*
Anthony R. Pecora (0069660)*
Matthew A. Dooley (0081482)*
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:   (440) 930-4001
Facsimile:   (440) 934-7208
Email:   dotoole@sheffieldlaw.com
         apecora@sheffieldlaw.com
         mdooley@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (Virginia Bar #27523)*
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
Telephone:   (757) 930-3660
Facsimile:   (757) 930-3662
Email:   lenbennett@clalegal.com

* Pro Hac Vice Application to be filed.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, on Behalf of Himself and All Others Similarly Situated | CASE NO: |
| and | |
| TANNA HODGES, on Behalf of Herself and All Others Similarly Situated | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY** |
| and | |

**EXHIBIT B**

ROBERT R. BELL, JR., on Behalf of Himself and All Others Similarly Situated

   Plaintiffs,

 v.

SWIFT TRANSPORTATION CORPORATION

   Defendant.

**NOW COME** the Plaintiffs, Kelvin D. Daniel, Tanna Hodges and Robert R. Bell, Jr. on behalf of themselves and all other similarly situated individuals and allege the following claims:

### PRELIMINARY STATEMENT

1. This is a class action on behalf of consumers who were the subject of criminal background reports obtained by Swift Transportation Corporation ("Swift") as a precondition of employment with Swift during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the District of

2

1 | Arizona. 28 U.S.C. § 1391(b). Further, Swift maintains a
2 | principal place of business in this judicial district.

## PARTIES

4. Kelvin Daniel ("Daniel") is a citizen of the State of Georgia, a Gulf War veteran, and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5. Tanna Hodges ("Hodges") is a citizen of the State of Texas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

6. Robert R. Bell ("Bell") is a citizen of the State of Pennsylvania and a "consumer" within the meaning of 15 U.S.C. § 1681a.

7. Swift is a for-profit corporation with a principal place of business in Maricopa County, State of Arizona.

8. Further, Swift is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## ASSERTIONS AS TO DANIEL

9. On or about December 27, 2010, Daniel applied electronically for a commercial truck driver position with Swift.

10. To apply for a position with Swift, Daniel accessed Swift's website at www.swifttruckingjobs.com. The only disclosures made to consumers such as Daniel prior to Swift's actions to obtain and use an applicant's consumer reports are as contained in the form and website application attached

3

hereto as Exhibit "A" and Exhibit "B", respectively.

11. None of the documents provided by Swift to Daniel contained a clear, conspicuous, and stand alone disclosure that a criminal background report would be obtained for employment purposes.

12. Following a successful application process, Daniel was hired and scheduled to attend Swift's orientation program.

13. On or about January 24, 2011, during the first day of orientation, and without proper authorization from Daniel, Swift ordered a criminal background report regarding Daniel from HireRight Solutions, Inc. ("HireRight") a consumer reporting agency as defined by 15 U.S.C. § 1681a.

14. Immediately upon its receipt of the subject criminal background report, Swift took adverse action against Daniel, dismissing him from orientation based upon the results of the criminal background report.

15. At no time did Swift provide Daniel with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

16. Daniel was not provided a copy of the report or a summary of his rights as required by 15 U.S.C. § 1681b(b)(3).

### ASSERTIONS AS TO HODGES

17. On or about September 29, 2009, Hodges applied in person for a commercial truck driver position with Swift. At no time did Hodges receive a clear, conspicuous, and stand alone disclosure that a criminal background report would be obtained for employment purposes.

4

18. As with Daniel, the only disclosures made to consumers such as Hodges, prior to Swift's procurement of consumer reports, are contained in small print as part of a longer employment application. The in person application is attached hereto as Exhibit "C." None of the documents provided by Swift to Hodges contained a clear, conspicuous, and stand alone disclosure that a criminal background report would be obtained for employment purposes.

19. Without proper authorization from Hodges, Swift ordered a criminal background report regarding Hodges from HireRight.

20. Immediately after receiving the subject criminal background report, Swift took adverse action against Hodges by determining to disqualify her from further consideration for employment based upon the results of the criminal background report.

21. At no time did Swift provide Hodges with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

22. Hodges was not provided a copy of the report or a summary of her rights as required by 15 U.S.C. § 1681b(b)(3).

**ASSERTIONS AS TO BELL**

23. On or about October 2, 2009, Bell applied via facsimile for a commercial truck driver position with Swift.

24. To apply for a position with Swift, Bell accessed Swift's website at www.swifttruckingjobs.com. The only disclosures made to consumers such as Mr. Bell prior to

5

Swift's actions to obtain and use an applicant's consumer reports are as contained in the form and website application attached hereto as Exhibit "A" and Exhibit "B", respectively.

25. None of the documents provided by Swift to Bell contained a clear, conspicuous, and stand alone disclosure that a criminal background report would be obtained for employment purposes.

26. Further, prior to obtaining Bell's criminal background report, Swift did not provide Bell with verbal, electronic, or written notice of his right to obtain a free copy of a criminal background report from the consumer reporting agency within 60 days, and the right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

27. After receiving Bell's application, Swift, without any authorization from Bell, ordered a criminal background report regarding Bell from HireRight that grossly misidentified Bell as having been convicted of felony burglary, felony robbery, grand larceny, and several parole violations, all leading to a ten-year prison sentence. None of these crimes were committed by Bell.

28. On October 2, 2009, immediately after receiving the subject criminal background report, Swift took adverse action against Bell by determining not to hire him based upon the results of the report.

29. At no time did Swift provide Bell with any verbal, written, or electronic notice that it intended to take adverse

6

action by declining employment based upon the results of the report.

30. Bell was never advised by Swift of the reason for the adverse action, nor did he learn of the inaccurate report until on or about October 7, 2009, when he received from HireRight a derogatory letter and a copy of the report.

**ASSERTIONS AS TO THE COMMON QUESTIONS**

31. For a period exceeding the last five years, Swift has purchased criminal background reports from consumer reporting agencies trafficking in the reputations of America's workforce, which are then used as a basis for taking adverse action against job applicants.

32. Swift does not seek or receive an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to obtaining these criminal background reports.

33. Swift regularly and consistently uses www.swifttruckingjobs.com to solicit and receive employment applications.

34. During the class period alleged, Swift regularly and consistently used the forms and website application attached hereto as Exhibit "A", Exhibit "B" and Exhibit "C", respectively as its only consumer disclosures regarding an applicant's criminal background check made prior to Swift's request for and receipt and use of an applicant's consumer report.

7

Case 1:11-cv-00181   Document 23-1   Filed 09/09/11   Page 8 of 21 PageID #: 844

35. Further, Swift does not provide pre-adverse action notice to job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. §§ 1681b(b)(3) and 1681m(a).

36. Swift's violations of the FCRA have been willful, wanton and reckless in that Swift knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

37. 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

### Class Action ASSERTIONS

38. Pursuant to F. R. Civ. P. 23, Daniel, Hodges and Bell bring this action on behalf of the following Classes initially defined below, of which they each a member:

### Inadequate Disclosure and Authorization

> All natural persons residing in the United States about whom, during the period provided at 15 U.S.C. § 1681p, Swift obtained and/or used a criminal background report or other consumer report for an employment purpose, and for whom Swift used the forms and website application attached hereto as Exhibit "A", Exhibit "B" and/or Exhibit "C", respectively, or content substantially similar, as its only consumer disclosures regarding an applicant's criminal background check, made prior to Swift's request for and receipt and use of the applicant's consumer report.

39. Daniel and Hodges allege the following class, of which they each a member:

8

**Pre-Adverse Action Notice
In-Person Applicants**

> All natural persons residing in the United States about whom, during the period provided at 15 U.S.C. § 1681p about whom Swift obtained and/or used a criminal background report or other consumer report for an employment purpose and (a.) who applied for a job in person and were not hired, applied for a promotion and were not approved or were terminated; (b.) Swift's records show that the consumer's consumer report was one of the reasons for such employment decision; and (c.) Swift did not provide to that consumer, at least 5 business days before taking such decision, a copy of the consumer report it had used and/or the substantive notice required at 15 U.S.C. § 1681b(b)(3)

40. Bell alleges the following class, of which he is a member:

**Adverse Action
Applicants by Facsimile, Telephone, Mail, Computer and Similar Means**

> All natural persons residing in the United States about whom, during the period provided at 15 U.S.C. § 1681p about whom Swift obtained and/or used a criminal background report or other consumer report for an employment purpose and (a.) who applied for employment with Swift via facsimile, telephone, electronic mail, by regular mail, or other similar means (b.) Swift's records show that the consumer's consumer report was one of the reasons for such employment decision; and (c.) Swift did not provide to that consumer, within 3 days after taking such decision, the disclosures required by 1681b(b)(3)(B).

41. Upon information and belief, each alleged putative Class exceeds 300 members. Information concerning the exact size of the putative classes is within the exclusive possession of Swift.

42. The members in each Class are so numerous that joinder of all members is impracticable.

43. Plaintiffs' claims are typical of the claims of the other Class members as all Class members were similarly affected by Swift's unlawful conduct in violation of the FCRA.

44. Plaintiffs will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex litigation. They do not have any interests antagonistic to or in conflict with the members of each or any Class. Further, Plaintiffs' claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

45. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

**In-Person Applicants**

    a.  Whether Swift violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

    b.  Whether Swift obtained a written authorization to procure or cause to be procured consumer reports for employment purposes required by §1681b(b)(2)(A)(ii);

10

c. Whether Swift provided a copy of the consumer report to the applicant or employee before declining to hire or deciding to discharge the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i);

d. Whether Swift provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or deciding to discharge the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

e. Whether Swift provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken as required by 15 U.S.C. §1681m(a)(2)(B);

f. Whether Swift provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency that prepared the report as required by 15 U.S.C. § 1681m(a)(3)(A));

**Applicants by Facsimile, Telephone, Mail, Computer and Similar Means**

g. Whether Swift violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

h. Whether Swift violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic, or written consent to procure a consumer report;

11

i. Whether Swift, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency as required by §1681b(b)(3)(B)(i)(I);

j. Whether Swift, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by §1681b(b)(3)(B)(i)(II);

k. Whether Swift, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by §1681b(b)(3)(B)(i)(III);

l. Whether Swift, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report as required by §1681b(b)(3)(B)(i)(IV);

m. Whether Swift, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification,

12

provided the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under section 1681g (c)(3) of this Fair Credit Reporting Act as required by §1681b(b)(3)(B)(ii); and

n. Whether Swift knowingly and intentionally acted in conscious disregard of the rights of the consumer.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

47. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – CLASS CLAIM BY DANIEL, HODGES AND BELL**
**DISCLOSURE AND AUTHORIZATION**

48. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact.

49. As to Inadequate Disclosure and Authorization class members who applied in-person, Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

50. As to Inadequate Disclosure and Authorization class members who applied in-person, Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing to procure a consumer report for employment purposes.

51. As to Inadequate Disclosure and Authorization class members who did not apply in-person, Swift willfully violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain the applicants' oral, written, or electronic consent prior to procuring a consumer report for employment purposes.

52. Plaintiffs and Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

14

53. Plaintiffs and Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

54. In the alternative to the allegations that these violations were willful, Plaintiffs and Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681.

### COUNT TWO – CLASS CLAIM BY DANIEL AND HODGES
### PRE-ADVERSE ACTION

55. Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

56. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on that report.

57. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on a consumer report.

15

58. Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Daniel, Hodges and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

60. In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

**COUNT THREE - CLASS CLAIM BY DANIEL AND HODGES**
**ADVERSE ACTION - IN-PERSON APPLICANTS**

61. Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

62. Swift willfully violated 15 U.S.C. § 1681m(a)(3)(A) by failing to provide Daniel, Hodges and the Class members with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report regarding the consumer from the consumer reporting agency that prepared the report.

63. Swift willfully violated 15 U.S.C. § 1681m(a)(2)(B) by failing to provide Daniel, Hodges and the Class members

16

with oral, written or electronic notice that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

64. Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65. Daniel, Hodges and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

66. In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681.

**COUNT SIX – CLASS CLAIM**
**adverse action – Applicants by Facsimile, Telephone, Mail, Computer and Similar Means**

67. Bell realleges and incorporates by reference all preceding allegations of law and fact.

68. Swift willfully violated 15 U.S.C. §1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or

17

written notice within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

69. Bell and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

70. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

71. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681.

**WHEREFORE**, Daniel, Hodges, Bell and the putative class respectfully pray for the following relief:

18

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy Swift's unlawful conduct;

C. Statutory and punitive damages for all class claims;

D. Attorneys' fees, expenses and costs;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Daniel demands a trial by a jury as to all issues presented herein.

RESPECTFULLY SUBMITTED this 5th day of August, 2011.

LUBIN AND ENOCH, P.C.

s/ Stanley Lubin

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

s/ Dennis M. O'Toole*

s/ Matthew A. Dooley *

s/ Anthony R. Pecora*

LITIGATION ASSOCIATES, P.C.

s/ Leonard A. Bennett*

* Pro Hac Vice Application to be filed.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2011, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.

*s/*Danette Valencia