1
2
3
4
5

LUBIN AND ENOCH, P.C.
Stanley Lubin (003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:    (602) 234-0008
Facsimile:    (602) 626-3586
Email:        Stan@lubinandenoch.com

6
7
8
9
10
11
12
13
14

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:        dotoole@sheffieldlaw.com
              apecora@sheffieldlaw.com
              mdooley@sheffieldlaw.com

15
16
17
18
19

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (Virginia Bar #27523)
Susan M. Rotkis (Virginia Bar #40693)
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
Email:        lenbennett@clalegal.com

20
21
22

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

23
24
25
26
27
28

KELVIN D. DANIEL, et al          )
              Plaintiffs,        )   **Case No.: 2:11-CV-01548-ROS**
                                 )
      vs.                        )
                                 )
                                 )
                                 )
SWIFT TRANSPORTATION             )   **FIRST AMENDED CLASS ACTION**
CORPORATION,                     )   **COMPLAINT FOR JURY**
                                 )
        Defendant

**EXHIBIT
C**

Now come the Plaintiffs, Kelvin D. Daniel, Tanna Hodges and Robert R. Bell, Jr. on behalf of themselves and all other similarly situated individuals and allege the following claims:

## PRELIMINARY STATEMENT

1.   This is a class action on behalf of consumers who were the subject of criminal background reports obtained by Swift Transportation Corporation ("Swift") as a precondition of employment with Swift during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## JURISDICTION AND VENUE

2.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3.   Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the District of Arizona.   28 U.S.C. § 1391(b).   Further, Swift maintains a principal place of business in this judicial district.

**PARTIES**

4.   Kelvin Daniel is a citizen of the State of Georgia, a Gulf War veteran and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5.   Tanna Hodges is a citizen of the State of Texas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

6.   Robert R. Bell, Jr. is a citizen of the State of Pennsylvania and a "consumer" within the meaning of 15 U.S.C. § 1681a.

7.   Swift is a for-profit corporation with a principal place of business in Maricopa County, State of Arizona.

8.   Further, Swift is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

**ALLEGATIONS AS TO DANIEL**

9.   On or about December 27, 2010, Daniel applied for a commercial truck driver position with Swift online.

10.  Following a successful application process,

Daniel was hired and scheduled to attend Swift's orientation program.

11. On or about January 24, 2011, the first day of in-person orientation, Swift ordered a criminal background report regarding Daniel from HireRight Solutions, Inc. ("HireRight") a consumer reporting agency as defined by 15 U.S.C. § 1681a, without proper authorization from Daniel.

12. At no time following Daniel's in-person interaction with Swift, did he receive a clear, conspicuous and stand-alone disclosure that a criminal background report would be obtained for employment purposes.

13. Immediately after receiving the subject criminal background report, Swift took adverse action against Daniel, dismissing him from orientation based upon the information in the retrieved criminal background report.

14. At no time did Swift provide Daniel with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

15. Daniel was not provided a copy of the report or a summary of his rights as required by 15 U.S.C. § 1681b(b)(3).

**ALLEGATIONS AS TO HODGES**

16. On or about September 25, 2009, Hodges applied in-person for a commercial truck driver position with Swift. A copy of Hodges's application is attached as Exhibit A.

17. At no time did Hodges receive a clear, conspicuous and stand alone disclosure that a criminal background report would be obtained for employment purposes.

18. Without proper authorization from Hodges, Swift ordered a criminal background report regarding Hodges from HireRight.

19. Immediately after receiving the subject criminal background report, Swift took adverse action against Hodges by determining to disqualify her from further consideration for employment based upon the information in the retrieved criminal background report.

20. At no time did Swift provide Hodges with any

verbal or written notice that it intended to take
adverse action by declining employment based upon the
results of the report.

21. Hodges was not provided a copy of the report
or a summary of her rights as required by 15 U.S.C. §
1681b(b)(3).

### ALLEGATIONS AS TO BELL

22. On or about October 2, 2009, Bell applied via
facsimile for a commercial truck driver position with
Swift. A copy of Bell's application is attached as
Exhibit B. Swift's application provides no indication
that a consumer report may be obtained for employment
purposes.

23. Bell did not authorize, nor was he requested
by Swift verbally, electronically or in writing, to
authorize the procurement of a criminal background
report to be provided HireRight.

24. Further, prior to obtaining Bell's criminal
background report, Swift did not provide Bell with
verbal, electronic or written notice of his rights to:
1) obtain a free copy of a criminal background report
from the consumer reporting agency within 60 days; and

2) to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

25. After receiving Bell's application, Swift – without any authorization from Bell – ordered a criminal background report regarding Bell from HireRight that grossly misidentified Bell as having been convicted of felony burglary, felony robbery, grand larceny and several parole violations, all leading to a ten-year prison sentence. None of these crimes were committed by Bell.

26. On October 2, 2009, immediately after receiving the subject criminal background report, Swift took adverse action against Bell by determining not to hire him based upon the results of the report.

27. At no time did Swift provide Bell with any verbal, written or electronic notice that it intended to take adverse action by declining employment based upon the results of the report.

28. Bell was never advised by Swift of the reason for the adverse action, nor did he learn of the inaccurate report until receiving a copy via U.S. Mail

from HireRight on or about October 7, 2009, when he
received a derogatory letter and a copy of the report
from HireRight.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

29. For many years, Swift has purchased criminal
background reports from consumer reporting agencies
trafficking in the reputations of America's workforce,
which are used as a basis for taking adverse action
against job applicants.

30. Swift does not provide or obtain an
appropriate disclosure and authorization from job
applicants as required by 15 U.S.C. § 1681b(b)(2) prior
to acquiring these criminal background reports.

31. Further, Swift does not provide pre-adverse
action notice to job applicants, including a copy of
the applicants' criminal background report and a
statement of the applicants' rights as required by 15
U.S.C. §§ 1681b(b)(3) and 1681m(a).

32. Swift's violations of the FCRA have been
willful, wanton and reckless in that Swift knew, or
reasonably should have known, that it was failing to
comply with the requirements of the FCRA.

33.   15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

**CLASS ACTION ALLEGATIONS**

34.   Pursuant to F. R. Civ. P. 23, Daniel, Hodges and Bell bring this action on behalf of the Class initially defined below:

> Consumers residing in the United States who applied for employment with Swift, and about whom Swift procured a criminal background report for employment purposes during the application process.

35.   Hodges and Daniel also allege the following sub-classes, of which they are a member:

**Inadequate Disclosure and Authorization
In-Person Contact**

> a.   Consumers residing in the United States who applied for employment with Swift, and during the application process, about whom Swift procured a criminal background report or other consumer report without first in a document that consisted solely of the disclosure, (i) providing the consumer with a disclosure in writing in a document that consisted solely of the disclosure that a consumer

report would be obtained for
employment purposes, and (ii)
obtaining the consumer's express
written authorization to procure
such consumer report.

### Pre-Adverse Action Notice
### In-Person Applicants

b. All natural persons
residing in the United States
(a.) who applied for an
employment position with
Defendant or any of its
subsidiaries, (b.) as part of
this application process, were
the subject of a consumer report
obtained by Defendant during the
applicable limitations period as
established by 15 U.S.C. 1681p,
preceding the filing of this
action and during its pendency,
(c.) whose report was obtained
by Swift at the same time or
after there had been at least
one in-person interaction with
the consumer, (d.) where that
consumer report contained at
least one derogatory item that
would disqualify the person from
such position under Defendant's
hiring policies, (e.) which
consumer was not then approved
or hired for the position, (f.)
and to whom Defendant did not
provide a copy of the consumer
report and other disclosures
stated at 15 U.S.C. §
1681b(b)(3)(A)(ii) at least five
business days before the date
the employment decision is first
noted in Defendant's records.

1          36.  Bell  also  alleges  the  following  sub-classes,

2    of which he is a member:

**Inadequate Disclosure and Authorization**
**Contact by Facsimile, Telephone, Mail, Computer and**
**Similar Means**

          a.   Consumers  residing  in  the  United
               States     who     applied     for
               employment    with    Swift    via
               facsimile,  an  internet  website,
               electronic  mail,  regular  mail,
               or  through  a  third  party  and
               during  the  application  process,
               Swift    procured    a    criminal
               background    report    or    other
               consumer  report,  which  report
               was  obtained  by  Swift  before
               there  had  been  at  least  one
               direct  telephone  or  in-person
               interaction  with  the  consumer,
               without  (a.)  first  obtaining
               direct  electronic  or  written
               authorization    to    procure    a
               consumer  report,  and/or  (b.)
               directly  providing  the  consumer
               with  notice  of  their  right  to
               obtain a free copy of a consumer
               background    report    from    the
               consumer  reporting  agency  within
               60  days,  and  to  dispute  the
               accuracy  or  completeness  of  any
               information    in    the    consumer
               report    directly    with    the
               consumer reporting agency.

**Adverse Action**
**Contact by Facsimile, Telephone, Mail, Computer and**
**Similar Means**

          b.   All  natural  persons  residing  in
               the  United  States  (a.)  who
               applied    for    an    employment

position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, (c.) where that consumer report contained at least one derogatory item that would disqualify the person from such position under Defendant's hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) who did not have either direct telephone or direct in-person contact with Swift and (f.) to whom Defendant did not provide direct electronic or written notice that: the adverse action was taken based in whole or in part on the consumer report, the name, address, and telephone number of the consumer reporting agency, that the consumer reporting agency did not make the decision to take adverse action and would be unable to provide the consumer with specific reasons why the adverse action was taken, and that the consumer could request a free copy of the report and dispute the accuracy or completeness of the report, as required by 1681b(b)(3)(B).

37. Upon information and belief, the putative Class exceeds 5,000 members. Information concerning

the exact size of the putative class is within the exclusive possession of Swift.

38. The Class members are so numerous that joinder of all members is impracticable.

39. Hodges', Daniel's and Bell's claims are typical of the claims of the other Class members as all Class members were similarly affected by Swift's unlawful conduct in violation of the FCRA.

40. Hodges, Daniel and Bell will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex class-action litigation. Hodges, Daniel, and Bell are members of the Class and do not have any interests antagonistic to or in conflict with the members of the Class. Further, Hodges's, Daniel's and Bell's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

41. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

## In-Person Contact

a.  Whether Swift's standard procedure violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

b.  Whether it is Swift's standard procedure to obtain a written authorization to procure or cause to be procured consumer reports for employment purposes required by §1681b(b)(2)(A)(ii);

c.  Whether it is Swift's standard procedure to provide a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i);

d.  Whether Swift provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

e.  Whether Swift provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action

1   was taken as required by 15
2   U.S.C. §1681m(a)(2)(B);

3   f.   Whether Swift provided oral,
4        written or electronic notice of
5        the consumer's right to obtain a
6        free copy of the consumer report
7        on the consumer from the
         consumer reporting agency that
8        prepared the report as required
9        by 15 U.S.C. § 1681m(a)(3)(A));

**Contact by Facsimile, Telephone, Mail, Computer and
Similar Means**

10  g.   Whether Swift's standard
11       procedure violated 15 U.S.C. §
12       1681b(b)(2)(B)(i) by failing to
13       provide the consumer with
         verbal, electronic, or written
14       notice of a right to obtain a
15       free copy of a consumer
         background report from the
16       consumer reporting agency within
17       60 days, and to dispute the
18       accuracy or completeness of any
         information in the consumer
19       report directly with the
         consumer reporting agency.

20  h.   Whether Swift's standard
21       procedure violated 15 U.S.C.
22       §1681b(b)(2)(B)(ii) by failing
         to obtain verbal, electronic or
23       written consent to procure a
24       consumer report;

25  i.   Whether Swift, within 3 business
26       days of taking adverse action,
27       provided oral, written or
         electronic notification to
28       consumer that adverse action has
         been taken based in whole or in
         part on a consumer report
         received from a consumer

reporting agency as required by §1681b(b)(3)(B)(i)(I);

j.   Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by §1681b(b)(3)(B)(i)(II);

k.   Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by §1681b(b)(3)(B)(i)(III);

l.   Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information

in a report as required by §1681b(b)(3)(B)(i)(IV);

m. Whether Swift, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provides the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this Fair Credit Reporting Act as required by §1681b(b)(3)(B)(ii); and

n. Whether Swift's failures to comply with the FCRA were willful.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

43. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be

dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE – CLASS CLAIM BY DANIEL AND HODGES
## DISCLOSURE AND AUTHORIZATION – IN-PERSON CONTACT

44.  Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

45.  Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide applicants and employees with a clear and conspicuous written disclosure in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes.

46.  Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing from Daniel, Hodges and the Class members to procure a consumer report for employment purposes.

47.  Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48.  Daniel, Hodges and the Class members also seek

punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

49. In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

**COUNT TWO – CLASS CLAIM BY DANIEL AND HODGES**
**PRE-ADVERSE ACTION – IN-PERSON CONTACT**

50. Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

51. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on that report.

52. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on a consumer

report.

53. Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

54. Daniel, Hodges and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

55. In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

## COUNT THREE – CLASS CLAIM BY BELL AUTHORIZATION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS

56. Bell realleges and incorporates by reference all preceding allegations of law and fact.

57. Swift willfully violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain the applicants' oral, written or electronic consent prior to procuring a consumer report for employment purposes.

58. Bell and the Class members seek statutory

damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

59. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

60. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

## COUNT FOUR - CLASS CLAIM
### ADVERSE ACTION - CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS

61. Bell realleges and incorporates by reference all preceding allegations of law and fact.

62. Swift willfully violated 15 U.S.C. §1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic or written notice within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address and telephone

number of the consumer reporting agency, (iii) that the

consumer reporting agency did not make the decision to

take adverse action and is unable to provide the

consumer with specific reasons why the adverse action

was taken, (iv) that the consumer may request a free

copy of the report and may dispute with the consumer

reporting agency the accuracy or completeness of the

report.

63.  Bell and the Class members seek statutory

damages for these violations pursuant to 15 U.S.C.

§1681n(a)(1)(A).

64.  Bell and the Class members also seek punitive

damages for these violations pursuant to 15 U.S.C.

§1681n(a)(2).

65.  In the alternative to the allegations that

these violations were willful, Bell and the Class

members allege that the violations were negligent and

seek issue certification of that issue and an

appropriate remedy, if any, pursuant to 15 U.S.C.

§1681o.

**WHEREFORE**, Daniel, Hodges, Bell and the putative

class respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy Swift's unlawful conduct;

C. Statutory and punitive damages for all class claims;

D. Attorneys' fees, expenses and costs;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Such other relief as the Court deems just and proper.

Respectfully Submitted,

STUMPHAUZER O'TOOLE MCLAUGHLIN
McGLAMERY & LOUGHMAN CO LPA

/s/ Dennis M. O'Toole
/s/ Matthew A. Dooley
/s/ Anthony R. Pecora

LUBIN AND ENOCH, P.C.

/s/ Stanley Lubin

1

2                          LITIGATION ASSOCIATES, P.C.

3                          /s/ Leonard A. Bennett

4
                           *Counsel for Plaintiffs*
5

6
                               **JURY DEMAND**
7

8      Plaintiffs demand a trial by a jury as to all

9    issues presented herein.

10

11                         STUMPHAUZER O'TOOLE MCLAUGHLIN
                           McGLAMERY & LOUGHMAN CO LPA
12

13

14                          /s/ Matthew A. Dooley

15

16                      **CERTIFICATE OF SERVICE**

17     This will certify that a copy of the foregoing

18   First Amended Class Action Complaint was filed

19
     electronically this 24th day of October, 2011. Notice of
20

21   this filing will be sent to all counsel of record by

22   operation of the Court's electronic filing system.

23

24
                           /s/ Matthew A. Dooley
25                         *Counsel for Plaintiffs*

26

27

28