1 | LUBIN AND ENOCH, P.C.
2 | Stanley Lubin (003076)
3 | 349 North 4th Avenue
Phoenix, Arizona 85003-1505
4 | Telephone:     (602) 234-0008
Facsimile:     (602) 626-3586
5 | Email:         Stan@lubinandenoch.com

6 |
STUMPHAUZER, O'TOOLE, McLAUGHLIN,
7 | McGLAMERY & LOUGHMAN CO., LPA
Dennis M. O'Toole (0003274)
8 | Anthony R. Pecora (0069660)
9 | Matthew A. Dooley (0081482)
5455 Detroit Road
10 | Sheffield Village, Ohio  44054
11 | Telephone:     (440) 930-4001
Facsimile:     (440) 934-7208
12 | Email:         dotoole@sheffieldlaw.com
13 |                apecora@sheffieldlaw.com
                mdooley@sheffieldlaw.com
14 |
15 | CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (Virginia Bar #27523)
16 | Susan M. Rotkis (Virginia Bar #40693)
17 | 12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
18 | Telephone:     (757) 930-3660
19 | Facsimile:     (757) 930-3662
Email:         lenbennett@clalegal.com
20 |
IN THE UNITED STATES DISTRICT COURT
21 |
22 | FOR THE DISTRICT OF ARIZONA

23 | KELVIN D. DANIEL, et al          )
                                  )
24 |        Plaintiffs,             )  Case No.: 2:11-CV-01548-ROS
                                  )
25 |     vs.                        )
                                  )
26 |                               )
                                  )
27 | SWIFT TRANSPORTATION            )  MEMORANDUM OF LAW IN SUPPORT
CORPORATION,                    )  OF PLAINTIFFS' RESPONSE TO
28 |                               )  DEFENDANT'S MOTION TO DISMISS
           Defendant

EXHIBIT
D

## MEMORANDUM OF LAW

### I.   Background

On August 8, 2011, Plaintiffs filed a Class Action Complaint and Demand for Jury against Defendant, Swift Transportation Corporation ("Swift").   The Complaint alleges that Swift violated certain provisions of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. Sec. 1681 *et seq.* in its use of consumer reports for employment purposes.   Swift is alleged to have purchased consumer reports about job applicants without first providing an FCRA compliant notice to or obtaining a proper authorization from each applicant. The Complaint further alleged that Swift violated the 'pre-adverse action', 'adverse action' and other notice provisions of the FCRA when it denied employment based upon the consumer reports.

On October 3, 2011, Swift filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b) seeking to dismiss Count One as it pertains to Daniel and Bell, Count Two as it pertains to Daniel, and Count Three as it pertains to Daniel, Hodges and Bell. On October 24, 2011, Plaintiffs timely filed their first Amended

1   Complaint pursuant to Fed R. Civ. P. 15(a)(1)(B).   Said

2   Amended Complaint renders Swift's Motion to Dismiss and

3   the arguments contained therein as moot.

4

5   **II.   Argument as to Mootness**

6       **A.   Plaintiffs' First Amended Complaint renders
           Swift's Motion to Dismiss moot.**

7

8       F.R.Civ.P 15(a)(1)(B) permits a party to amend a

9   pleading as a matter of course and without leave of

10  court, even if a responsive pleading has been served,

11

12  as long as the motion is timely.   To be timely, it must

13  be filed twenty-one (21) days after service of a

14  responsive pleading or twenty-one (21) days after

15  service of a motion under 12(b), (e), and (f),

16

17  whichever is earlier.   The effect of a timely motion is

18  to render any motion grounded in Fed. Civ. R. P. 12

19  subsections (b), (e), and (f) moot. *See Peak N.D., LLC*

20  *v. Wilkinson*, 2010 U.S. Dist. LEXIS 52239 at *7-*8

21

22  (D.N.D. May 25, 2010).   In this matter, Swift filed its

23  Answer and Fed. Civ. R. 12(b)(6) Motion to Dismiss on

24  October 3, 2011.   Plaintiffs filed the First Amended

25  Complaint on October 24, 2011, within 21 day after

26

27  service of Swift's Motion.   The Amended Complaint,

28

1  being filed timely under Fed. Civ. R. 15(a)(1)(B),

2  therefore renders Swift's Motion to Dismiss moot.

3  **III. Alternative Response to Motion To Dismiss.**

4

5      **A.**    **Plaintiffs' First Amended Complaint cures the issues set forth in Swift's Motion to Dismiss.**

6

7      **1. <u>Count One.</u>**

8      Swift argues that 15 U.S.C. Sec. 1681b(b)(2)(A)

9  does not apply to Daniel or Bell.  This section

10

11  provides that an employer may not procure a consumer

12  report for employment purposes unless a written stand-

13  alone, clear and conspicuous disclosure is provided to

14

15  the job applicant prior to the report being procured,

16  and only if the consumer has authorize this procurement

17  in writing.  Notably, this section does not apply to

18  job applicants who seek positions regulated by the U.S.

19

20  Secretary of Transportation (e.g., trucking positions)

21  and whose *only* interaction with the employer is by

22  mail, telephone, computer, or other similar means.  *See*

23

24  15 U.S.C. § 1681b(b)(2(C).  For these applicants, 15

25  U.S.C. § 1681b(b)(2)(B) requires that at any time prior

26  to a consumer report being procured, the employer must

27

28  provide the applicant, by oral, written or electronic

means, notice that a consumer report may be obtained

1 for employment purposes, as well as a summary of the

2 applicant's rights under Section 1681m(a)(3).   The job

3 applicant then must provide oral, written or electronic

4 consent prior to the procurement of the consumer

5

6 report.

7 Swift argues that the requirements of 15 U.S.C. §

8 1681b(b)(2)(B) apply to Daniel (and not the more

9

10 stringent requirements of 15 U.S.C. § 1681b(b)(2)(A) as

11 set forth in Count One) because he applied for a

12 trucking position via the internet. But the facts

13 pertaining to Daniel demonstrate that although he

14

15 initially applied for a position online, Swift later

16 had in-person contact with him **prior** to procuring his

17 consumer report.   Because of this in person contact,

18

19 and pursuant to 1681b(b)(2)(C)(ii)[1], Swift was required

20 to provide Daniel with a written, clear and conspicuous

21 stand-alone disclosure and obtain his written consent

22

23 as required by §§ 1681b(b)(2)(A)(i) and (ii) prior to

24 procuring his consumer report for employment purposes.

25 Plaintiffs' First Amended Complaint clarifies that

26

27

28

[1] 15 U.SC. § 1681b(b)(2)(C)(ii) provides that the less stringent notice and authorization provisions in 1681b(b)(2)(B) only occur when at the time the employer procures the consumer report, the only interaction between the applicant and the employer has been by mail, telephone, computer or other similar means.

Swift had in-person contact with Daniel prior to it procuring his consumer report.  Construing the facts in favor of Daniel provides him with a viable cause of action and renders this portion of Swift's Motion to Dismiss moot.

As an aside, Swift further argues that Count One does not apply to Bell because he applied via facsimile.  Plaintiffs' First Amended Complaint withdraws Bell as a party under Count One, rendering Swift's Motion to Dismiss him from the same moot.

### 2. Count Two

Swift similarly seeks a partial dismissal of Daniel from Count Two of Plaintiffs' First Complaint arguing that 15 U.S.C. §1681b(b)(3)(A)'s pre-adverse action rights do not apply to Daniel since he applied for a position via the internet.  This section provides that prior to taking *any* adverse action, based in whole or in part on the report, the employer shall provided the job applicant with a copy of the consumer report and a written description of consumer rights promulgated by the Federal Trade Commission.  These rights provide the applicant the opportunity at least

1   to review the consumer report and have an understanding

2   of their rights *prior* to being declined employment or

3   terminated.

4

5      These rights, however, are not afforded to job

6   applicants who apply for positions (trucking positions)

7   over which the Secretary of Transportation has the

8   power to establish qualifications and maximum hours of

9

10  service.    Instead,  trucking  applicants  are  afforded

11  rights under 15 U.S.C. § 1681b(b)(3)(B). This provision

12  allows the employer to decline employment based upon a

13

14  consumer report, provided that within three (3) days,

15  the applicant receives the following: (1) oral, written

16  or  electronic  notification  that  adverse  action  was

17  taken based in whole or in part on the consumer report;

18

19  (2)  the  identity  and  contact  information  of  the

20  reporting agency; and (3) notice that the reporting

21  agency did not made the adverse decision and notice to

22

23  the applicant that he or she may, upon providing proper

24  identification,  receive  a  free  copy  of  the  report  and

25  dispute the information contained therein.

26

27      However,  as  discussed  above,  Daniel's  interaction

28  with Swift *prior* to it procuring his consumer report

went beyond interaction over the mail, telephone, computer or other similar means as conditioned in 15 U.S.C. § 1681b(b)(3)(C)(ii).   Instead, Daniel, like many applicants, attended Swift's in-person orientation prior to Swift procuring his consumer report.   As such, Daniel, and all others like him, are entitled to Section 1681b(b)(3)(A) protections.   With the clarification of these facts set forth in Plaintiffs' First Amended Complaint, Swift's argument to dismiss Count Two is now moot.

### 3. Count Three

Plaintiffs' Complaint alleges that Swift violated Daniel and Hodges's consumer rights under 15 U.S.C. Sec. 1681m(a)(3)(A) and 15 U.S.C. Sec. 1681m(a)(2)(B) by failing to provide them with proper notice that they could receive a copy of the consumer report used for employment purposes, and that the reporting agency did not make the adverse employment decision.   Swift moved to dismiss Count Three as it pertains to both Daniel and Hodges arguing that a majority of District Courts have rejected a private cause of action under 15 U.S.C. § 1681m.   Plaintiffs' First Amended Complaint

1   does not include claims under this section, rendering

2   Swift's motion to dismiss Count Three moot.

3

4                              Respectfully Submitted,

5
                               STUMPHAUZER O'TOOLE MCLAUGHLIN
6                              McGLAMERY & LOUGHMAN CO LPA

7                              /s/ Dennis M. O'Toole
                               /s/ Matthew A. Dooley
8                              /s/ Anthony R. Pecora

9

10

11                             LUBIN AND ENOCH, P.C.

12                             /s/ Stanley Lubin

13

14
                               LITIGATION ASSOCIATES, P.C.
15
                               /s/ Leonard A. Bennett
16

17                             *Counsel for Plaintiffs*

18

19
                       **CERTIFICATE OF SERVICE**
20

21       This will certify that a copy of the foregoing

22   Plaintiffs' Response to Defendant's Motion to Dismiss

23   was filed electronically this 28th day of October, 2011.

24
     Notice of this filing will be sent to all counsel of
25

26   record by operation of the Court's electronic filing

27   system.

28

/s/  Anthony  R.  Pecora
*Counsel  for  Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28