IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| WILLIAM McAFEE, et al., | § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:01-CV-2221-N |
| COCA-COLA ENTERPRISES, INC., | § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Coca-Cola Enterprises, Inc.'s motion to strike and dismiss class allegations from Plaintiffs' second amended complaint. For the reasons stated below, that motion is GRANTED.

Plaintiffs' second amended complaint is not maintainable as a class action for several reasons. It suffices to address only one. Although Plaintiffs sought leave to file a second amended complaint in order to eliminate class claims for compensatory and punitive damages, they still seek the following relief:

> For the individually named plaintiffs <u>only</u>, compensatory damages for emotional distress, humiliation, embarrassment and anguish, and exemplary damages. Further, for themselves and the class they represent, an award of back pay; front pay; and job benefits that the individual Plaintiffs, and the class they seek to represent, would have received but for Coca Cola's discriminatory practices;

Second Amended Complaint ¶ 107(b) (emphasis in original). Despite purporting to eliminate class claims for compensatory damages, Plaintiffs still seek to recover back pay, front pay,



ORDER – PAGE 1
24 — EXHIBIT E
12/09/02 MON 13:46 [TX/RX NO 9940]

and lost job benefits for the whole class. In view of those damage claims, the claims for monetary relief are not incidental to the claims for injunctive relief, so class certification under Rule 23(b)(2) is not appropriate. Likewise, in view of those damage claims, common issues do not predominate over individual issues and a class action is not superior to other methods for adjudicating the controversy, so class certification under Rule 23(b)(3) is not appropriate. *See Allison v. Citgo Petroleum*, 151 F.3d 402 (5th Cir. 1998); *Riley v. Compucom Sys., Inc.*, 2000 WL 343189 (N.D. Tex. 2000); *Troupe v. Randall's Food & Drugs, Inc.*, 1999 WL 552727 (N.D. Tex. 1999).

Accordingly, Defendant's motion to strike and dismiss class allegations is GRANTED.

SIGNED this 6 day of December, 2002.

David C. Godbey
United States District Judge

ORDER – PAGE 2