UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ROBERT R. BELL, JR., ) | |
| ) | |
| and ) | Case No. 1:11-CV-00181 |
| ) | |
| BERNARD FENTRESS, on behalf of ) | Judge Curtis Collier |
| themselves and all others similarly situated, ) | JURY DEMAND |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| US XPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT U.S. XPRESS, INC.'S REPLY TO
PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Defendant U.S. Xpress, Inc. ("USX") files this Reply to Plaintiffs' Supplemental Brief in Opposition to USX's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").

I. **ARGUMENT**

Plaintiffs' supplemental brief refers to two decisions, Daniel v. Swift Transportation, Civ. 2:11-cv-01548-PHX-ROS (D. Az. Aug. 8, 2011) (Doc. 33) and Singleton v. Domino's Pizza, LLC, 2012 WL 245965 (D. Md. Jan. 12, 2012). Neither case is on point in supporting Plaintiffs' arguments in the pending motion in the case at bar. Both cases, though, do offer further support to USX's positions on point raised by its motion.

First, the court in Daniel did not, as Plaintiffs suggest, "reject[ ] the same or similar arguments as those raised by [USX]." (Doc. 41, p. 1). First, the Daniel decision did not deal with any class certification issues. (Doc. 41, Ex. A). As for substantive matters under the Fair Credit Reporting Act ("FCRA"), the court first examined the claims of a plaintiff who had applied in-person for employment and thus was subject to separate and distinct provisions from

those at issue in the case at bar. Specifically, plaintiff Kelvin Daniel alleged that Swift Transportation ("Swift") obtained a consumer report after he applied in person, without providing notice that it would do so through a "clear and conspicuous" disclosure "in writing" "in a document that consists solely of the disclosure," as required by 15 U.S.C. § 1681b(b)(2)(A). (Doc. 41, Ex. A at pp. 4-5).

By contrast, Plaintiffs here do not assert a claim under this provision, which does not apply to them. Instead, they assert a claim under 15 U.S.C. § 1681b(b)(2)(B), applicable to over-the-road drivers who do not apply in person. By contrast to the notice Swift was required to provide to Daniel, the notice to be provided to Plaintiffs did not have to be "clear and conspicuous," did not have to be "in writing," and did not have be "in a document that consists solely of that disclosure."

Next, the court in Daniel considered the consent claim asserted by Robert R. Bell, Jr. (also a plaintiff in this case), who had not applied in-person for employment. The court's analysis, though, only underscores the relaxed requirements applicable to such applicants and further supports dismissal in the case at bar. As the court explained, "[u]nlike the disclosures to in-person applicants, **there are no clear requirements regarding the nature of the disclosure for those who do not apply in-person**." (Doc. 41, Ex. A at p. 4) (emphasis added). The problem with the consent Swift obtained was that it used a form whereby Bell merely gave it "'the right to investigate all references and to secure additional information about [him], if job-related.'" (Id. at pp. 5-6). As the court reasoned, "[t]his sentence can be read as Bell consenting to Defendant contacting 'references,' such as former employers. There is no specific mention that the 'references' or 'additional information' will be in the form of reports from reporting agencies." (Id. at p. 6).

By contrast, Plaintiffs here signed forms that expressly stated that USX would request an "investigative consumer report(s)" and that "authorize[d]" USX "to obtain the above-described information" relating to credit history, criminal history, and other public records search information. (FAC, ¶9, Ex. A; Doc. 25, Ex. A). Notably, the Daniel court ruled that "**it is doubtful Defendant was required to include certain 'magic words' to satisfy the FCRA's consent requirement** …" where an applicant was not applying in person. (Doc. 41, Ex. A at p. 6) (emphasis added). Hence, this decision further shows that Plaintiffs have failed to state a claim for violation of the FCRA, let alone for a "willful violation" requiring them to show that USX ran "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 69 (2007).[1]

The court in Singleton also did not address any class certification issues. As for substantive matters under the FCRA, the court first examined the general requirement that an employer provide an applicant with a "pre-adverse action notice" and a copy of his or her consumer report before taking adverse action based in whole or part on information contained in the report. 2012 WL 245965 at *2, 5 (citing 15 U.S.C. § 1681(b)(3)(A)). This requirement, though, does not apply where an over-the-road driver is not applying in person. Compare 15 U.S.C. § 1681(b)(3)(B). Next, the court considered the general requirement that disclosure and consent be "clear and conspicuous," "in writing," and "in a document that consists solely of the disclosure." Id. at *2 (citing 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii)). As discussed above, though, this requirement does not apply where an over-the-road driver is not applying in person. Compare 15 U.S.C. § 1681(b)(2)(B). Thus, this analysis from Singleton has absolutely no bearing on the claims asserted in the case at bar.

---

[1] As previously noted, the Swift case also is interesting in that Bell elected to withdraw his disclosure/notice claim in that case.

9768537_1.DOC 3

The Singleton decision, though, is interesting in two respects.  First, with respect to the statute of limitations period, "[t]he parties agree[d] that the two year limitations period applies in this case."  2012 WL 245965 at *6.  Hence, the plaintiffs understood that they could not invoke the statutory "discovery" rule on a class basis to extend the limitations period beyond this two-year period.  Finally, the court referred to case law holding that plaintiffs cannot show that an employer "willfully violate[d] the FCRA's 'clear and conspicuous' requirement when using six-point font in a disclosure document because, among other things, the meaning of 'conspicuous' was 'not 'clear''"  Id. at *10 n. 19 (quoting Murray v. New Cingular Wireless Servs., 523 F.3d 719, 725-26 (7th Cir. 2008)).  Plaintiffs' attempt to establish a willful violation based on font size in the case at bar is even more flawed, where 15 U.S.C. § 1681b(b)(2)(A) does not apply so that disclosure and consent need not be "in writing" or "clear and conspicuous."

### III. CONCLUSION

Based on the analysis outlined above and in its prior pleadings, USX respectfully requests that its Motion to Dismiss be GRANTED.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: *s/ Roger W. Dickson*
　　Roger W. Dickson (BPR No. 01933)
　　Bradford G. Harvey (BPR No. 17393)
　　Alison B. Martin (BPR No. 22366)
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee  37402
Telephone:  (423) 756-6600
Facsimile:   (423) 785-8480

Attorneys for Defendant U.S. Xpress, Inc.

# CERTIFICATE OF SERVICE

      I hereby certify that on June 11, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      Michael T. Schmitt, Esq.
      ORTALE, KELLEY, HERBERT & CRAWFORD
      200 Fourth Avenue North
      P.O. Box 198985
      Nashville, TN 37219-8985

      Matthew A. Dooley, Esq.
      Dennis M. O'Toole, Esq.
      Anthony R. Pecora, Esq.
      STUMPHAUZER O'TOOLE McLAUGHLIN,
      McGLAMERY & LOUGHMAN CO., LPA
      5455 Detroit Road
      Sheffield Village, OH 44054

      Leonard A. Bennett, Esq.
      CONSUMER LITIGATION ASSOCIATES, P.C.
      763 J. Clyde Morris Blvd.
      Suite 1-A
      Newport News, VA 23601

      Susan M. Rotkis, Esq.
      CONSUMER LITIGATION ASSOCIATES, P.C.
      763 J. Clyde Morris Blvd.
      Suite 1-A
      Newport News, VA 23601

      Matthew J. Erausquin, Esq.
      CONSUMER LITIGATION ASSOCIATES, P.C.
      1800 Diagonal Road
      Suite 600
      Alexandria, VA 22314

**MILLER & MARTIN PLLC**

By: *s/ Roger W. Dickson*