UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ROBERT R. BELL, JR., ) | |
| ) | |
| and ) | CASE NO. 1:11-CV-00181 |
| ) | |
| BERNARD FENTRESS, on behalf of ) | |
| themselves and all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Collier/Carter |
| v. ) | |
| ) | |
| U.S. Xpress, Inc., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action, by their respective counsel, have agreed to the entry of this protective order, and it is accordingly,

ORDERED that the confidential and proprietary nature of all documents, testimony, answers to interrogatories and all other information in whatever form produced or given by any person pursuant to pretrial discovery in this action ("Discovery Materials") shall be protected and governed as follows:

1.  Any party or non-party required to produce documents in connection with these proceedings (hereinafter collectively referred to as "party"), may designate Discovery Materials 1) reflecting financial and/or proprietary business information, including but not limited to any and all tax returns, financial account information, customer contracts, customer lists, sales and marketing information, company guidelines, policies and procedures, employee manuals or handbooks, and/ or meeting minutes; or 2) relating to personnel files, medical information, social security numbers, or consumer reports of current or former employees and that are deemed in good faith by that party to

embody, reflect, refer to or otherwise disclose information of a confidential or proprietary nature as confidential by either physically marking them as "confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature. All such confidential information including each and every portion thereof and any materials contained therein ("Confidential Discovery Materials") shall be used only for the purpose of these proceedings and shall not be disclosed by a non-producing party to any person except:

    a. Counsel of record for any party, including associated or general counsel, and the legal associates, student attorneys, paralegals, legal assistants or other support staff of such counsel assisting in the preparation of this action;

    b. Those directors, officers and employees of the parties, and other parties, witnesses and potential witnesses, with whom counsel determines it is necessary to confer in the preparation of this action;

    c. Independent experts or consultants employed by counsel for the purpose of assisting counsel in this action;

    d. Witnesses and court reporters at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

    e. Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

    f. Any other person upon written consent from the party which produced or gave such Confidential Discovery Materials; and

    g. Any other person or entity to whom this Court determines disclosure is appropriate.

2. Prior to disclosing Confidential Discovery Materials to any person listed in Paragraph 1(a)-(g), the disclosing party shall notify the person receiving the Confidential Discovery

10191174_2.DOC

2

Case 1:11-cv-00181   Document 48   Filed 10/22/12   Page 2 of 5   PageID #: 451

Materials about this Protective Order and provide him or her with a copy of the Protective Order. Any person receiving Confidential Discovery Materials shall keep them separate and inaccessible and shall not reveal or discuss such materials to or with any person not entitled to disclosure as herein provided.

3. If a party desires to file materials designated as Confidential Discovery Materials with the Court or to disclose in a Court filing information designated as Confidential Discovery Materials, the party shall take all steps required by the Court to file the materials under seal. The parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion, and it shall not be a violation of this Protective Order if the Court ultimately refuses to seal a document or filing, or later unseals a document or filing subject to this Protective Order.

4. If any party objects to another party's designation of Discovery Materials as confidential, it shall give counsel for the party making such designation written notice of such objection, setting forth the reasons supporting the objection. Counsel for the party making the designation shall then respond in writing to the objection within ten (10) business days of its receipt. If, after receiving the response, the party making the designation refuses to withdraw the designation, the party objecting to the designation may, upon reasonable notice, apply to the Court for a ruling on whether the Discovery Materials should be treated as confidential. Unless and until the Court enters an order changing the designation of said Discovery Materials, however, said Discovery Materials shall be treated as Confidential Discovery Materials as provided herein.

5. Counsel for the parties shall confer prior to the trial or hearing of this action in an effort to agree upon a procedure to ensure the continuing confidentiality of Confidential Discovery Materials. In the event an agreement is not reached, however, the issue may be submitted to the Court by motion, upon notice to counsel for the parties.

6. Upon termination of this action, including any appeals, and upon written request, all copies of the Confidential Discovery Materials and all extracts, analyses, summaries, memorializations or notes derived therefrom shall either be returned to the counsel for the opposing parties or shall be destroyed by the party in possession of same with written confirmation that complete destruction has taken place.

7. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

8. Persons having knowledge of Confidential Discovery Materials by virtue of their participation in the conduct of this litigation shall use the Confidential Discovery Materials for that purpose only and shall not disclose Confidential Discovery Materials to any person or persons not involved in the conduct of the litigation.

9. By agreeing to this Protective Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery.

10. This Protective Order is without prejudice to the right of any party to seek its modification or amendment by further order of this Court.

11. Nothing in this Protective Order shall be construed to grant either party to this action the right to file any document or thing under seal without the approval of this Court. Such approval shall be obtained through a good cause hearing before this Court.

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

**APPROVED FOR ENTRY**:

**MILLER & MARTIN PLLC**

**/s/ Alison Bales Martin**
Roger W. Dickson, BPR No. 01933
Bradford G. Harvey, BPR No. 17393
Alison B. Martin, BPR No. 22366
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee  37402
Telephone:  (423) 756-6600
Facsimile:   (423) 785-8480
*Attorneys for Defendant U.S. Xpress, Inc.*


**STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA**

**/s/ Matthew A. Dooley**
Matthew A. Dooley (OH BAR 0081482)
Dennis M. O'Toole (OH BAR 0003274)
Anthony R. Pecora (OH BAR 0069660)
*Admitted Pro Hac Vice*
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:  (440) 930-4001
Facsimile:   (440) 934-7208

and

Michael Schmitt, BPR No. 026573
**Ortale, Kelley, Herbert & Crawford**
200 Fourth Avenue North
P.O. Box 198985
Nashville, Tennessee  37219-8985
Telephone:  (615) 780-7526
Facsimile:   (615) 726-1494

and

Leonard A. Bennett
Susan M. Rotkis
Matthew J. Erausquin
*Admitted Pro Hac Vice*
**Consumer Litigation Associates, P.C.**
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
*Attorneys for the Plaintiffs*
10191174_2.DOC