UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROBERT BELL, JR. *et al.*, ) | |
|    *Plaintiff,* ) | |
| v. ) | No.:1:11-cv-181 |
| ) | *Collier/Carter* |
| US XPRESS, INC. ) | |
|    *Defendants.* ) | |

<u>MEMORANDUM AND ORDER AMENDING PROTECTIVE ORDER</u>

The parties in the instant case move for entry of a "Stipulated Protective Order " (Protective Order). [Doc. 47]. The undersigned GRANTS the motion in part and DENIES the motion in part as follows: The undersigned ENTERS the Protective Order simultaneously with this ORDER but this Order STRIKES paragraph 3 of the Protective Order and SUBSTITUTES in its stead a paragraph which is set forth below.

Paragraph 3 of the Protective Order submitted by the parties provides that if a party files a document with confidential information in it in the Court record, then that same party shall simultaneously move to file the confidential information under seal. (*See* ¶ 3 of proposed Protective Order, Doc. 39-1). This provision improperly puts the burden on the party who wants to *file* the document to request that it be filed under seal. The party who has *designated* the document as confidential should be the party moving to seal the document since that party is in the better position to explain to the Court why it should be filed under seal. This Court cannot place under seal any documents filed with the Court, even those designated as "confidential" by the parties, absent good cause to do so as the public has a paramount interest in access to all court documents. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983). In

1

addition, E.D.TN. LR 26.4 flatly prohibits filing any document under seal without prior showing of good cause to the satisfaction of the Court. Filing a motion to seal which simply states the parties have designated the document as confidential will not be sufficient to place the document or information under seal.

In *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), the Sixth Circuit directed that no court papers may be placed under seal absent "good cause shown." *Id.* at 227. The Court then referred to its earlier decision of *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984), as the decision in which "the principles " of sealing court papers for good cause shown is "so painstakingly discussed." *Id.* at 227.

In *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984), the Sixth Circuit began its discussion of when court papers could be placed under seal by recognizing the long standing tradition of public access to court proceedings in this country. The Court articulated three reasons for this right of public access. First, "public trials play an important role as outlets for community concern, hostility and emotions. When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes." *Id.* at 1178 (internal citations omitted). Second, "public access provides a check on the courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court....One of the ways we minimize judicial error and misconduct is through public scrutiny and discussion." *Id.* Third, "open trials promote true and accurate fact finding."

*Id.* (external citation omitted.).

The right of access is not absolute, however. *Id.* at 1179. There are two categories of exceptions to the right of public access. The first category is the need to keep dignity and order in the courtroom. In such an instance, the legitimate societal interest in protecting the adjudicatory process from disruption outweighs the interest of unfettered public access to the proceedings. *Id.* The second category consists of restrictions based on the content of the information to be disclosed to the public. *Id.* Certain content based exceptions outweigh the right to public access. Some of these exceptions include:

>    1) a defendant's right to a fair trial,
>    2) trade secrets,
>    3) national security, and
>    4) certain privacy rights of participants and third parties.

*Id.*

In light of the foregoing, it is **ORDERED** that Paragraph 3 of the Protective Order, which is being entered simultaneously with this Order, be **STRICKEN** and **SUBSTITUTED** with the following paragraph:

> If any party desires that materials containing confidential information be filed with the Court, that party shall give opposing counsel five (5) days notice. Thereafter, any party may file a motion requesting either that: (1) the confidential information be redacted from the document filed in the public record and an unredacted version be filed under seal, or (2) the entire document be filed under seal. The Court will require the first option unless redaction is impractical because the document to be filed contains more confidential material than not. In filing this motion, the moving party MUST comply with Rule 12.2 of the Electronic Case Filing Rules and Procedures. If the motion is granted, the clerk's

office will retrieve the document and redocket it. If the motion is denied, the clerk's office will delete the document and modify the docket entry to note the document was deleted upon the denial of the motion to seal.

The parties are also invited to examine Fed. R. Civ. P. 5.2(a) governing the redaction of personal identifiers and the names of minors. Redaction in compliance with Rule 5.2(a) does not require prior court approval.

**SO ORDERED.**

**ENTER.**

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE