# MEMORANDUM[1]

## STATEMENT OF FACTS

On July 8, 2011, Named Plaintiff Robert Bell, Jr. commenced this Civil Action against US Xpress, Inc. ("Defendant" or "USX") on behalf of himself and all other similarly situated individuals (collectively "Class Members") alleging certain violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x (the "Civil Action"). The original complaint was subsequently amended on September 30, 2011 to add Bernard Fentress as an additional Named Plaintiff.

In the Amended Complaint, Named Plaintiffs alleged that USX willfully violated: (1) 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency; (2) 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic, or written consent to procure a consumer report; (3) 15 U.S.C. § 1681b(b)(3)(B)(i)(I) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (4) 15 U.S.C. § 1681b(b)(3)(B)(i)(II) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer of the name, address, and telephone number of the consumer reporting agency; (5) 15 U.S.C. § 1681b(b)(3)(B)(i)(III) by failing to, within 3 business days of taking adverse action, provide oral,

---

[1] All defined terms shall have the same meanings used in the Stipulation of Settlement attached hereto as Exhibit A.

3

written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (6) 15 U.S.C. § 1681b(b)(3)(B)(i)(IV) by within 3 business days of taking adverse action, to provide oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

USX denied Named Plaintiffs' allegations and maintains that it did not violate the FCRA in any way.

Following the filing of the Civil Action, the Named Plaintiffs and USX (referred to collectively as "the Settling Parties") engaged in Rule 12 dispositive motion briefing and exchanged written discovery. Through the discovery process, USX provided Class Counsel with information, documents and data regarding the putative class members and the various forms and oral communications provided to job applicants. Likewise, Named Plaintiffs provided documents to USX, which detailed the factual support for the allegations in the Civil Action. After reviewing the information and assessing their respective liabilities, the Settling Parties agreed to mediation with Linda Singer at the JAMS office in Washington, D.C. Through the mediation process, the Settling Parties reached the agreement more fully set forth below. *See, e.g., Hainey v. Parrot*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."); *In re Sturm, Ruger, & Co. Securities Litig.*, No. 3:09cv1293 (VLB)., 2012 WL 3589610, at *4(D. Conn. Aug. 20, 2012) ("Here, the settlement was reached by experienced, fully-informed counsel after arm's length

4

negotiations with the assistance of a mediator and therefore the parties are entitled to a presumption that the settlement was fair, reasonable and adequate.") (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005)); *see also* Manual for Complex Litigation, Third, § 30.42 (1995) (A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery").

The Named Plaintiffs believe that the claims asserted in the Civil Action have merit and that if the case did not settle they would prevail at trial. USX, on the other hand, believes that if the case proceeded to trial, that USX would prevail. Regardless, it is understood that if the case proceeded to trial and Named Plaintiffs failed to prove that USX <u>willfully</u> violated the FCRA, that Named Plaintiffs' claims on behalf of the Class Members would fail, and they, along with any potential class member, would not be entitled to any monetary relief. However, if Named Plaintiffs did prevail at trial, then they and any potential class member could seek to recover statutory damages between $100.00 and $1000.00, plus attorneys' fees and potentially punitive damages under the FCRA.

In light of the uncertain outcome and the risk of further litigation, the Settling Parties entered into the Stipulation of Settlement, (*see* Exhibit A), and agreed to jointly propose certification of a class for purposes of settlement.

### THE PROPOSED SETTLEMENT

During the in-person mediation, the Settling Parties reached a preliminary settlement that provides for cash disbursements to Class Members, a *cy pres* trust, Incentive Awards to Named Plaintiffs, and an attorneys' fee within the acceptable range for matters of this type. The salient terms are as follows:

5

- USX agreed to pay a total of Two-Million-Seven-Hundred-Fifty-Thousand Dollars ($2,750,000.00) (the "Settlement Funds"), from which the following Class Members are entitled to receive an equal pro rata share after payment of costs of notice and administration, Incentive Awards and attorneys' fees:

  > All consumers residing in the United States who applied for truck driving positions with USX via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom USX procured a consumer report.

- USX shall not oppose Class Counsel's petition for attorneys' fees in an amount not to exceed thirty-three percent (33%) of the Settlement Funds;

- The cost of notice and administration of the settlement shall be paid from the Settlement Funds;

- In the event that settlement checks mailed to Class Members are returned as undeliverable or otherwise not cashed before becoming stale or void, and/or that the Settlement Funds are not completely distributed, the remaining sum shall be distributed to a *cy pres* beneficiary selected by Class Counsel and Defendant's Counsel, subject to the Court's approval.

## CLASS CERTIFICATION

Federal Rule of Civil Procedure 23(a) requires that in order for a class action to proceed it must be demonstrated that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23. This rule authorizes certification if the four prerequisites of Rule 23(a) are met, the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is

6

superior to other available methods for the fair and efficient adjudication of the controversy. Fed R. Civ. P. 23(b)(3); *Eisen v. Carlisle Jacquelin*, 417 U.S. 156 (1974).

The ultimate merits of Named Plaintiffs' case are immaterial for purposes of certifying settlement so long as the settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); *see, e.g.*, *Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008). Regardless, the Court should resolve any doubt regarding the propriety of certification of settlement in favor of allowing certification. *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 327 (W.D. Mich. 2000) (citing *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977)).

Further, "[t]he procedural device of a Rule 23(b)(3) class action was designed not solely as a means for assuring legal assistance in the vindication of small claims but, rather, to achieve the economies of time, effort, and expense." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1196 (6th Cir. 1988). District courts must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before certifying a class. *General Telephone Co. v. Falcon,* 457 U.S. 147, 161 (1982). While the court must conduct a rigorous analysis as to whether the standards of Rule 23 are met, the elements of typicality, commonality, and adequacy of representation tend to merge. *E.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 n.5 (2011).

### A.     Numerosity

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see Violette v. P. A. Days, Inc.*, 214 F.R.D. 207, 212 (S.D. Ohio 2003). However, "impracticable does not mean impossible." *Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). In fact, there is no set

minimum number of potential class members that fulfills the numerosity requirement. *See, e.g.,*
*Miller v. Univ. of Cincinnati*, 241 F.R.D. 285, 288 (S.D. Ohio 2006).

At this time, the Settling Parties estimate that the Settlement Class consists of
approximately 72,000 consumers for whom USX procured a Consumer Report and/or relied
upon or used a Consumer Report in the course of evaluating Class Members for employment
between July 8, 2009 through December 31, 2011. The sheer size of this class is sufficiently
large to determine that numerosity has been satisfied and joinder of these Class Members' claims
is not possible. As such, the first prong of the certification test has been met with regard to the
class to be represented under the FCRA.

### B.      Common Questions of Law or Fact

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be at least one
question of law or fact common to the members of the class. *In re American Med. Sys.*, 75 F.3d
1069, 1080 (6th Cir. 1996).

The commonality requirement requires that the class present dispositive questions, which
will propel the case through the system. *Powers v. Hamilton Cnty. Pub. Defenders Comm'n.*,
501 F.3d 592, 619 (6th Cir.2007) ("The predominance requirement is met if this common
question is at the heart of the litigation.") The typicality and commonality requirements ensure
that only those plaintiffs who can advance the same factual and legal arguments will be grouped
together as a class. *See Sprague v. General Motors Corp,.* 133 F.3d 388, 399 (6th Cir. 1998)
("The premise of the typicality requirement is simply stated: as goes the claim of the named
plaintiff, so go the claims of the class."_)

The class to be represented consists of those individuals who applied by remote means
for truck driving positions about whom USX procured a Consumer Report and/or relied upon or

8

used a Consumer Report in the course of evaluating Class Members for employment between July 8, 2009 and December 31, 2011. Each of these Class Members was entitled to oral, written or electronic notice under 15 U.S.C. § 1681b(b)(2)(B) and/or 15 U.S.C. § 1681b(3)(B). The Class Members' claims share predominant questions of law under the above-described common facts, which predominate over all individual issues and clearly propel this litigation forward to a resolution. As such, the commonality prong of Rule 23 is satisfied.

### C.    Typical Claims

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. It has been noted that "the premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The typicality requirement, so explained, tends to merge with the commonality requirement. *E.g.*, *Falcon*, 457 U.S. at 158, n.13. Nonetheless, the typicality requirement remains its own separate inquiry, and a class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Calloway v. Caraco Pharmaceutical Laboratories, Ltd.*, 287 F.R.D. 402, 407 (E.D. Mich. 2012) (citing *Falcon*, 457 U.S. at 156; *Sprague*, 133 F.3d at 399 (This third prerequisite is satisfied when "the representative's interests [are] aligned with those of the represented group, and in pursing his own claims, the named plaintiff will also advance the interests of the class members.")). The typicality requirement is met if a claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quotation marks omitted) (quoting *American Med. Sys.*, 75 F.3d at 1082).

9

In this case, Named Plaintiffs' claims arise out of the practice which guided USX's actions in the course of obtaining and using consumer reports to make employment decisions during the Class Period. As such, Named Plaintiffs' claims are *typical* of the common claims held by the Class, and Rule 23's commonality requirement has been met.

### D.     Adequate Representation

The final component of Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequate representation" invokes two inquiries: (1) whether the class counsel are "qualified, experienced and generally able to conduct the litigation" and (2) whether the named plaintiffs themselves are capable of advancing the class claims or have interests that are "antagonistic" to the other class members. *See Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations omitted); *American Med. Sys.*, 75 F.3d at 1083 ("The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members.")The underlying premise of a class action is that litigation by representative parties adjudicates the rights of all class members, and therefore, basic due process requires that named plaintiffs possess undivided loyalties to absent class members. *Id.* ("Rule 23(a)(4) allows certification only if the representative parties will fairly and adequately protect the interests of the class. This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members.") (citations and internal quotations omitted). Representation will be considered "adequate" if the class representatives are not disqualified by reason of interests antagonistic to the rest of the class.

*Stout*, 228 F.3d at 717 ("The court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another.")

Named Plaintiffs understand and accept their responsibilities as class representatives and have no interests that are adverse to the Class Members. Further, Named Plaintiffs and the Class Members sought statutory damages as the result of USX's alleged violations of the FCRA. There is no potential for conflicting interests in this action; there is no disagreement between Named Plaintiffs' interests and those of the Class Members.

At the same time, Class Counsel are experienced in both class action litigation and are competent to represent the interests of the class and have no apparent conflict. Accordingly, the class to be represented meets the adequacy prong of Rule 23.

### E.  Rule 23(b)(3) Factors

#### 1.  Predominance

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *American Med. Sys.*, 75 F.3d at 1084 ("[Rule 23](b)(3) parallels subdivision (a)(2) in that both require that common questions exist, but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues.") The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

In this case, the "common nucleus of operative fact" is that all Class Members were allegedly not provided sufficient notices under the FCRA before USX obtained a consumer report and/or after USX took adverse action based in whole or in part upon the contents of the

consumer report. In this case, the issues which predominate relate exclusively to whether: (1) USX's conduct was uniform as to the Class Members, and (2) the relative culpability of USX's conduct. These class-wide issues will predominate and propel this litigation, and as such, the Class meets the predominance standard set forth in Rule 23(b)(3).

## 2. Superiority

Finally, the Court must determine whether a class action is superior to other methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23(b)(3). *Windsor*, 521 U.S. at 615 ("In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'") (citing Advisory Committee notes for the 1966 revision of Rule 23); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 186 (S.D. Ohio 2012) ("A matter may be certified under Rule 23(b)(3) when common issues of fact and law predominate and the class mechanism is superior to other methods of relief.") The factors to be considered in determining the superiority of the class mechanism are: (1) the interest in controlling individual prosecutions; (2) the existence of other related litigation; (3) the desirability of concentrating the litigation in the forum; and (4) manageability. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-08 (6th Cir. 2004).

Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs.*Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625-26 (6th Cir. 2005) (quoting *Windsor*, 521 U.S. at 617). Thus, the class mechanism permits a large group of claimants to have their claims adjudicated in a single lawsuit. In so doing, certification enables the court to manage a large

12

number of small and medium sized claims where the awesome costs of discovery and trial could easily prevent any adjudication of those claims and preclude any relief to the class. *See Lozada v Dale Baker Oldsmobile Inc.*, 197 F.R.D. 321, 332-33 (W.D. Mich. 2000) (citations omitted).

The amount in controversy for any individual claimant in this class is small as the range of statutory damages is $100 to $1,000. When compared to the costs of discovery and litigation, this potential recovery pales in comparison. As such, individual Class Members do not possess any controlling interest in the litigation. Likewise, the absence of any competing classes or other individual claims suggests that without class certification, it is unlikely that the Class Members would obtain any form of relief. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997).

Because the Court is confronted with a request for settlement-only certification, it "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods.*, 521 U.S. at 620. The names and current addresses of Class Members are obtainable from HireRight Solutions, Inc., the consumer reporting agency that provided consumer reports to USX. Accordingly, settlement is proper so long as the Court finds that the settlement overall is fair, reasonable, and adequate to Class Members. Fed. R. Civ. P. 23(e); *see, e.g., Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008).

## PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

Prior to permitting Class Counsel to notify the class of the proposed settlement, the Court must determine whether the proposed settlement meets the requirements of Rule 23. In reviewing a proposed settlement, the Court must determine whether the proposed settlement was the product of legitimate, good faith negotiation, such that notification of the class is justified:

As part of Rule 23(e)'s "fairness, reasonableness, and adequacy" inquiry the court must first determine whether the terms of the proposed settlement warrant "preliminary approval." *See* Fed. R. Civ. P. 23(e)(1)(B)-(C). Preliminary approval is a two-step process. See *In re IPO Litig.*, 226 F.R.D. at 191; *In re Nasdaq Antitrust Litig.*, 176 F.R.D. at 102 (citing Fed. R. Civ. P. 23(e); Manual for Complex Litigation (Third) § 30.41 (1995)). First, the court "make[s] a preliminary evaluation of the fairness of the settlement." *In re Nasdaq Antitrust Litig.*, 176 F.R.D. at 102. Thus, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Id.* (citing Manual for Complex Litigation (Third) § 30.41 (1995)); accord *In re IPO Litig.*, 226 F.R.D. at 191.FN7 Upon preliminary approval, the court "must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *In re IPO Litig.*, 226 F.R.D. at 191. At the fairness hearing, "[c]lass members (and non-settling defendants whose rights may be affected by the proposed settlement) then have an opportunity to present their views of the proposed settlement, and the parties may present arguments and evidence for and against the terms, before the court makes a final determination as to whether the proposed settlement is 'fair reasonable, and adequate.'" *Id.* (citing Manual for Complex Litigation (Fourth) § 21.632-21.635 (2004)).

*Bourlas v. Davis Law Assoc.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006). The preliminary approval

process should not constitute a trial of the case on the merits, rather only a determination that the

settlement is not the result of overreaching or collusion:

In making a preliminary assessment of the fairness of the proposed settlement agreement, the Court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983). A preliminary fairness assessment "is not to be turned into a trial or rehearsal for trial on the merits," for "it

14

is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Id.* Rather, the Court's duty is to conduct a threshold examination of the overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation. *Ohio Public Interest Campaign v. Fisher Foods, Inc.*, 546 F. Supp. 1, 7 (N.D. Ohio 1982).

As part of this evaluation, the Court may not second guess the settlement terms. *See Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980) ("[j]udges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel"); *Officers for Justice*, 688 F.2d at 625 ("[t]he proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators"). Moreover, when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair. *Vukovich*, 720 F.2d at 923; *see Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ("[i]n general, a settlement arrived at after genuine arm's length bargaining may be presumed to be fair"); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("[s]ignificant weight should be attributed 'to the belief of experienced counsel that settlement is in the best interest of the class'") (internal citations omitted).

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350-51 (N.D. Ohio 2001). Here, the proposed settlement was the result of over a year of litigation culminating with an all-day mediation with JAMS in Washington, D.C. More importantly, the proposed settlement is fair and reasonable as each Class Member will share the Settlement Funds equally. The recovery for all Class Members is also fair given the risks that the class would not be certified, and the recovery is particularly fair given the attendant risks, both on the merits and as to certification where USX contends that it used many type of disclosure forms, as well as oral communications, during the Class Period and thus each Class Member's claim must be reviewed on an individual basis. Additionally, beyond the monetary settlement, while USX denies any violation of the

FCRA, it has further enhanced its practices so that the Named Plaintiffs are satisfied that USX now is in compliance with the FCRA.

At the same time, a thirty-three percent (33%) fee for Class Counsel falls well within the range of acceptable fee awards as acknowledged by prevailing case law. The Settling Parties therefore request that the Court grant preliminary approval of the proposed settlement and direct Counsel to implement its provision such that the matter may be scheduled for a fairness hearing before the Court.

[PAGE INTENTIONALLY LEFT BLANK]

LEGAL02/34028960v2

## CONCLUSION

The proposed class meets the requirements of Rule 23(a) as well as Rule 23(b)(3).

Named Plaintiffs, with USX's consent, respectfully request that the Court certify this action as a

class action and preliminarily approve the proposed settlement of this matter as set forth in the

Stipulation of Settlement together, with the manner and form of notice provided for therein.

Respectfully submitted,

STUMPHAUZER | O'TOOLE

By: /s/ Matthew A. Dooley
Matthew A. Dooley
Dennis M. O'Toole
Anthony R. Pecora
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone:     (440) 930-4001
Facsimile:     (440) 934-7208
Email:         mdooley@sheffieldlaw.com
               apecora@sheffieldlaw.com
               dotoole@sheffieldlaw.com

MILLER & MARTIN, PLLC

By:  /s/ Roger Dickson
Roger W. Dickson
Alison B. Martin
Bradford G. Harvey
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone:     (423) 785-8210
Facsimile:     (423) 321-1528
Email:         rdickson@millermartin.com
               amartin@millermartin.com
               bharvey@millermartin.com
*Counsel for Defendant*

CONSUMER LITIGATION ASSOCIATES, PC
Leonard A. Bennett, Esq.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
Telephone:     757-930-3660
Facsimile:     757-930-3662
Email:         lenbennett@clalegal.com

*Counsel for Plaintiff*

17

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this _____ day of April, 2013, electronically filed the Joint Motion for Preliminary Approval of Proposed Class Settlement using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/_____
Bradford G. Harvey
*Counsel for Defendant*

FILENAME \p \* MERGEFORMAT

18

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ROBERT R. BELL, JR., et al., | |
| Plaintiffs, | CASE NO. 1:11-CV-00181 |
| vs. | |
| US XPRESS, INC. | DISTRICT JUDGE CURTIS COLLIER |
| Defendant. | |

## STIPULATION OF SETTLEMENT

This matter comes before the Court for approval of the terms and conditions of a Stipulation of Settlement ("Stipulation") made and entered into, as of April 5, 2013 by and among the Named Plaintiffs, Robert R. Bell, Jr. and Bernard Fentress, for themselves and on behalf of the Class Members (as defined below); and Defendant US Xpress, Inc. ("Defendant" or "US Xpress") (as defined below) (collectively, "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof ("Settlement"). The Stipulation by the parties, as represented by counsel, is as follows:

## I.   THE FAIR CREDIT REPORTING ACT LITIGATION CLAIMS

On July 8, 2011, Plaintiffs filed a lawsuit in the United States District Court for the Eastern District of Tennessee, Chattanooga Division, styled *Robert R. Bell. Jr. v. US Xpress, Inc.* Case No. 1:11-CV-00181 (the "Civil Action"). The Complaint was later amended to add Bernard Fentress as an additional Named Plaintiff. The Civil Action sought relief on behalf of consumers residing in the United States who applied for truck driving jobs with US Xpress and were the

subject of a criminal background report or other consumer report obtained by US Xpress for employment purposes. The settlement terms below pertain to the period between July 8, 2009 and December 31, 2011 (the "Class Period"). Specifically, the Civil Action alleges that US Xpress violated certain provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), in connection with its use of consumer reports including:

1. 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency;

2. 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic, or written consent to procure a consumer report;

3. 15 U.S.C. § 1681b(b)(3)(B)(i)(I) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;

4. 15 U.S.C. § 1681b(b)(3)(B)(i)(II) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer of the name, address, and telephone number of the consumer reporting agency,;

5. 15 U.S.C. § 1681b(b)(3)(B)(i)(III) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and

6. 15 U.S.C. § 1681b(b)(3)(B)(i)(IV) by within 3 business days of taking adverse action, to provide oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

7. 15 U.S.C. § 1681b(b)(3)(B)(ii) by failing to, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provide the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission.

2

Named Plaintiffs sought to recover statutory damages, punitive damages, and attorneys' fees and costs on behalf of themselves and all others similarly situated. Named Plaintiffs and putative class members in the Civil Action are represented by Dennis M. O'Toole, Matthew A. Dooley and Anthony R. Pecora of the law firm of Stumphauzer, O'Toole, as well as Leonard A. Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C. (collectively "Class Counsel"). US Xpress is represented by Roger W. Dickson, Alison B. Martin and Bradford G. Harvey of Miller Martin, PLLC (collectively "Defense Counsel").

Following the filing of the Civil Action, the Settling Parties amended their pleadings, engaged in Rule 12 dispositive motion briefing, and exchanged written discovery. Through the discovery process, US Xpress provided Class Counsel with information, documents, and data regarding the putative class members and various forms provided to job applicants. Likewise, Named Plaintiffs provided documents to US Xpress, which detailed the factual support for the allegations in the Civil Action. The Settling Parties agreed to mediation with Linda Singer at the JAMS office in Washington, D.C. Through the mediation process, the Settling Parties reached the agreement more fully set forth below.

## II.  US XPRESS'S DENIAL OF WRONGDOING AND LIABILITY

US Xpress denies all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Civil Action. Specifically, US Xpress contends that its disclosures were FCRA compliant and that it, in good faith, complied with the provisions of the FCRA and all other applicable laws. Notwithstanding the denial of wrongdoing, US Xpress has concluded that further conduct of the Civil Action would be protracted and expensive – particularly in light of the uncertainty and

3

risks inherent in any litigation, let alone in complex class action litigation. Therefore, US Xpress has agreed to settle this matter on the terms set forth in this Stipulation.

## III.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Named Plaintiffs believe that the claims asserted in the Civil Action have merit and that if the case did not settle they would prevail at trial. However, Named Plaintiffs and Class Counsel also recognize and acknowledge the expense of continued proceedings necessary to prosecute the Civil Action against US Xpress through trial and potential appeals. Named Plaintiffs and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation. Named Plaintiffs and Class Counsel believe that the settlement set forth in this Stipulation confers substantial benefits on the Settlement Class and is fair, reasonable and adequate, and in the best interests of Named Plaintiffs and the Settlement Class. In addition to the monetary settlement set forth in Section 2.4, US Xpress, while denying that it ever was in violation of the FCRA, has enhanced its practices further so that Named Plaintiffs and Class Counsel are satisfied that US Xpress's forms comply fully with the FCRA and that US Xpress is acting diligently and in good faith to ensure full compliance with the FCRA.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective attorneys, that, subject to the approval of the Court, the Civil Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Civil Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation as follows:

## 1.   Definitions

1.1   "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*

1.2 "CAFA Notice" means the notice described in 4.8 below.

1.3 "Civil Action" means the lawsuit styled *Robert R. Bell, Jr., et al v. US Xpress, Inc.* currently pending in United States District Court for the Eastern District of Tennessee, Chattanooga Division, Docket No. 1:11-CV-00181.

1.4 "Class Counsel" means Dennis M. O'Toole, Anthony R. Pecora, and Matthew A. Dooley of Stumphauzer, O'Toole, McLaughlin & Loughman, Co. LPA and Leonard A. Bennett of Consumer Litigation Associates, P.C.

1.5 "Class Member(s)" means any member(s) of the Preliminary Settlement Class and the Settlement Class, as set forth in 2.1 and 2.2 below, but specifically does not include those individuals who timely opt-out of the Settlement as forth in 4.4.

1.6 "Class Period" means the period from July 8, 2009 through December 31, 2011.

1.7 "Court" means the United States District Court for the Eastern District of Tennessee, Chattanooga Division.

1.8 "Defendant" or "US Xpress" means US Xpress, Inc.

1.9 "Opt-Out" means to timely request exclusion from the Settlement pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

1.10 "Effective Date" means the date on which the Judgment finally approving this Stipulation and the Settlement becomes Final.

1.11 "Final" means the date on which all appellate rights with respect to the Judgment have expired or have been exhausted in such a manner as to affirm the Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

1.12 "Final Notice" shall have the meaning described in Section 5 below.

1.13 "Final Approval Order" means the order and judgment of the Court, entered after the Settlement Hearing, in which the Court: (i) approves the Settlement without making any modifications to the Settlement that are contradictory to the terms of this Agreement or that impose any additional obligations on US Xpress under this Agreement; and (ii) dismisses all claims asserted by or on behalf of the Settlement Class in the Action with prejudice.

1.14 "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

1.15 "Judgment" means a judgment and order of dismissal entered by the Court in the Civil Action granting final approval of the Settlement and entering a judgment according to the terms set forth in this Stipulation.

1.16 "Incentive Award" means the one-time payment to the Named Plaintiffs for the time and resources they have put into representing the Class Members, as set forth in 7.4.

1.17 "Notice Order" means the order proposed and submitted by the parties as set forth in 4.7.

1.18 "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19 "Named Plaintiffs" means Robert R. Bell, Jr. and Bernard Fentress.

1.20 "Released Claims" means all claims set forth in the Civil Action, (including "Unknown Claims" as defined herein), demands, rights, liabilities, and causes of action under federal or state law, whether based on statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, and that (i) were or could have been asserted in

the Civil Action and (ii) that relate to the use of consumer reports by US Xpress in its employment process.

1.21    "Released Defendant" means US Xpress, Inc. and its current and former parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees and/or assigns, and each of their respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

1.22    "Settlement" means the terms and conditions of settlement as described in this Stipulation.

1.23    "Settlement Class" has the meaning set forth in 2.1 below.

1.24    "Settlement Funds" means the amounts set forth in 2.4.

1.25    "Settlement Hearing" means the hearing described in 4.7.

1.26    "Settlement Notice" means the form of notice to be provided to the Settlement Class after preliminary approval of this Stipulation by the Court, as further described in Sections 4.2-4.6 herein.

1.27    "Settlement Administration Costs" means the costs of administering the Settlement provided for herein, including the costs of Class Notice and providing the payments to Settlement Class Members.

1.28    "Settling Parties" means Named Plaintiffs and Defendant as described in 1.8 and 1.19.

1.29    "Stipulation" means this Stipulation of Settlement, including its exhibits.

1.30    "Preliminary Settlement Class" shall have the meaning set forth in 2.1 below.

1.31 "Termination Notice" shall have the meaning set forth in Section 8 below.

1.32 "Unknown Claims" means any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant, which, if know by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant, or might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, on the Effective Date, Named Plaintiffs and US Xpress shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members and

Released Defendant shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a key element of the Settlement of which these releases are a part.

## 2. The Settlement

2.1    For the purposes of effectuating the Settlement only, Named Plaintiffs and US Xpress agree jointly to request that the Court certify a nationwide Preliminary Settlement Class consisting of approximately 72,000 individuals about whom US Xpress obtained a consumer report for employment purposes during the Class Period. The Preliminary Settlement Class is defined as:

> All consumers residing in the United States who applied for trucking driving positions with US Xpress during the Class Period via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom US Xpress procured a consumer report .

2.2    On the Effective Date, the Preliminary Settlement Class set forth in 2.1 above shall become permanently certified unless the Judgment does not become Final.

2.3    In the event the Settlement is not preliminarily and finally approved and implemented, or the Judgment does not become final, the Preliminary Settlement Class is dissolved without prejudice or inference regarding the appropriateness of class certification and thereafter the issue of class certification will be decided *de novo*, and US Xpress is not precluded from challenging class certification or the merits of the Civil Action.

2.4    US Xpress agrees to pay a total of Two Million Seven Hundred Fifty Thousand Dollars ($2,750,000.00) to settle the claims set forth by the Preliminary Settlement Class, (the "Settlement Funds"). Each Class Member shall receive an equal share of the Settlement Fund remaining after disbursement of the Settlement Administration Costs, Incentive Award, and Attorneys' Fees. Within ten (10) days of the Court's preliminary approval of the Settlement, US

9

Xpress shall deposit the Settlement Administration Costs into an interest-bearing account with the financial institution designated by Class counsel. Within ten (10) days after the Final Approval Order becomes Final, US Xpress shall deposit the remainder of the Settlement Funds into an interest-bearing account with the financial institution designated by Class Counsel.

2.5    Upon final approval of the Settlement at the Settlement Hearing, the Civil Action will be dismissed with prejudice.

2.6    US Xpress shall not be responsible to pay any sum of money except as stated in paragraph 2.4, which encompasses Class Member recoveries, costs of administration and notice, attorneys' fees and incentive payments.

## 3. Release

3.1    Upon the Effective Date, each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Defendant. The Parties hereby acknowledge that the Released Defendant is an expressly intended beneficiary of this Release.

Also, upon the Effective Date, Named Plaintiffs and each member of the Settlement Class, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf who has not opted out of the proposed

10

settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.

## 4.  Notice of Order and Settlement Hearing

4.1     On execution of this Stipulation, the Settling Parties shall jointly apply to the Court for preliminary approval of the Settlement set forth in this Stipulation. It is contemplated that this joint application will be filed contemporaneously with the filing of this Stipulation of Settlement. The Parties shall submit to the Court the Stipulation, together with its Exhibits, and shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit B hereto, requesting, *inter alia*, (a) preliminary approval of the Settlement, (b) preliminary certification of the Preliminary Settlement Class, and (c) approval for the distribution of the Settlement Notice substantially in the form and content of Exhibit A hereto, and (d) a time and date for the final Settlement Hearing. Should any Court reject or materially alter the parties' agreed upon Notice Order or Settlement Notice, then US Xpress will have the option to void the Settlement if the parties are unable, after good faith negotiations, to agree on a form of Notice Order and Settlement Notice acceptable to the Court.

4.2     After preliminary approval of this Stipulation by the Court, Class Counsel shall provide to each member of the Preliminary Settlement Class a notice within sixty (60) days after preliminary approval in substantially similar form as the notice attached hereto as Exhibit A, notifying him or her of his or her right to participate in the settlement or to object to or opt out of the settlement ("Settlement Notice"). All Preliminary Settlement Class Members who do not opt out or object within ninety (90) days from the date they were sent the Settlement Notice, as described in the Settlement Notice, shall be considered Settlement Class Members and shall be

bound by the terms of the Settlement. The Settlement Notices will be sent to the last known address that can be contemporaneously verified. If such address is unavailable, Class Counsel shall be responsible to send the Notice by First Class U.S. Mail, postage prepaid to the last known mailing address available for each member of the Preliminary–Settlement Class. Class Counsel shall check and update these postal addresses against the NCOA database. The notice shall also be posted and made available on the website http://www.classactionUSX.com. ("Notice Website"). US Xpress shall use its best efforts to obtain from HireRight Solutions, Inc. (formerly known as USIS Commercial Services, Inc.), or any other consumer reporting agency used by US Xpress, the names and addresses of truck driver job applicants about whom it obtained a consumer report during the Class Period, and shall provide such information to Class Counsel upon receipt.

4.3.    Each Class Member shall be informed in the Settlement Notice that he or she is entitled to the cash funds, as set forth in Section 2.4. Checks shall be mailed to the Class Members who have not opted out of the Settlement at the last known address on file and shall become void 90 days after issuance. The proceeds to be paid thereby shall not become the property of the Class Member until and unless the Class Member cashes the check.

4.4.    A Preliminary Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to Class Counsel and Defendants' Counsel at the address provided in the Notice. The Settlement Class Member's Opt-Out request must contain the Class Member's original signature, current postal address, and a specific statement that the Class Member wants to be excluded from the Settlement Class. Opt-Outs must be postmarked no later than the deadline set by the Court in the Preliminary Approval Order. In no event shall persons who purport to opt out of the Settlement Class as a group, on an

aggregate basis or as a class involving more than one Class Member be considered valid Opt-Outs. Requests for exclusion that do not comply with any of the foregoing requirements are invalid. No later than seven (7) business days after the deadline for submission of requests for exclusion, Class Counsel shall provide US Xpress with a complete list of all persons who have properly Opted Out of the Settlement together with copies of the opt-out requests.

4.5.    Procedure to Object to the Settlement: Any Class Member who does not opt out, but who instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and the Defendant's Counsel. Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order. The objection must indicate whether the Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

4.6    The cash funds from any checks mailed pursuant to Section 4.3 that remain uncashed and become stale after the ninety (90) day period provided therein shall be distributed to a cy pres beneficiary selected by Class Counsel and US Xpress, subject to approval by the Court.

4.7    The Settling Parties agree to seek a final approval hearing ("Settlement Hearing") date approximately one-hundred and twenty (120) days from the date of preliminary approval of

the settlement. At the Settlement Hearing, Named Plaintiffs and Class Counsel will move the Court for entry of the Final Approval Order as set forth in Exhibit "C."

4.8    US Xpress shall cause notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials no later than ten days after the filing of this Stipulation with the Court ("CAFA Notice").

## 5.  Final Settlement Hearing Judgment and Notice

5.1    The final Settlement Hearing, as established in the Notice Order, shall be for the purpose of the Court determining whether the Settlement should be approved as fair, reasonable, and adequate, whether the proposed Final Approval Order should be entered, and whether Class Counsel's application for an attorneys' fees award should be approved.

5.2    On or before the final Settlement Hearing, Class Counsel will certify to the Court that they have fully complied with the notice provisions set forth in Section 4.2 herein.

## 6.  Administration and Supervision of the Settlement Fund

6.1 Class Counsel will directly administer the Settlement including controlling the Settlement Funds, subject to Court approval, and Class Counsel shall administer and oversee distribution from the Settlement Funds. On completion of the administration of the Settlement, Class Counsel shall provide or cause to be provided to the Court a final report on its administration of the Settlement. Class Counsel will be responsible for the costs of notice and administration.    Defense Counsel shall have reasonable access to documents relating to compliance and administration of the Settlement, with the right, but not the obligation, to review and audit the documents to determine full compliance with the terms of the Settlement.

6.2    No Person shall have any claim against Class Counsel based on the monetary payments made substantially in accordance with this Stipulation and the Settlement contained herein, or further order(s) of the Court.

## 7.  Plaintiffs' Counsel's Attorneys' Fees, Reimbursement of Expenses and Payment of Additional Costs

7.1    Class Counsel will pay the cost of the settlement notices and other fees and costs associated with processing the notices and mailing any cash payments from the Settlement Funds.

7.2    In advance of the Court's deadline for submission of objections, Class Counsel shall make an application to the Court for an award from the Settlement Funds for attorneys' fees, costs, and other expenses in an amount not to exceed one-third (1/3) of the Settlement Funds. US Xpress shall not oppose or object to this application. Nothing in this provision will require US Xpress to pay funds with respect to the litigation over and above the Settlement Funds. Any attorneys' fees payment shall be made from the Settlement Fund, not in addition to the Settlement Fund.

7.3    Named Plaintiffs shall receive compensation for serving as class representatives in the amount of $15,000.00 (the "Incentive Award"), which shall be in addition to any other sums he may receive as a Class Member. This amount is payable from the Settlement Fund on the day that the Judgment becomes final and unappealable.

## 8.  Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

8.1    Plaintiff or US Xpress, at either of their sole discretion, shall each have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if any of the following conditions subsequently occurs ("Terminating Events"):

a. the Court's refusal to preliminarily (pursuant to Section 4.1 above) or permanently approve this Stipulation or any material part of it;

b. the Court requires a notice program in addition to or substantially different from that set forth herein;

c. the Court orders US Xpress to pay attorney's fees with respect to the litigation, other than as provided herein;

d. the Court orders US Xpress to pay, with respect to the litigation, any amount above the contribution to the Settlement Funds, other than as provided herein;

e. the Court declines to enter the Judgment in any material respect; or

f. the Judgment is reversed, vacated or modified in any material respect by the Sixth Circuit Court of Appeals, the United States Supreme Court, or adverse action being taken by any other trial court or appellate court in any jurisdiction.

8.2    US Xpress in its sole discretion also shall have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if more than five percent (5%) of the Settlement Class Members elect to Opt-Out.

8.3    The failure of the Court or any appellate court to approve in full the request by Class Counsel or Named Plaintiffs for attorney's fees, incentive awards, costs and other expenses shall not be grounds for Named Plaintiffs, the Settlement Class, or Class Counsel, to terminate this Stipulation.

8.4.    If either party exercises their respective rights to terminate this Settlement and Stipulation pursuant to Section 8.1 or 8.2 herein, they shall terminate the Settlement and this Stipulation, including dissolving the Preliminary Settlement Class, by delivering written notice of the electing party's election to do so ("Termination Notice") to all other parties hereto within

thirty (30) days of a Terminating Event or within thirty (30) days of any event described in Section 8.2 above. In the event that a Termination Notice is so provided, then the Settlement and this Stipulation shall be canceled and terminated unless and until Class Counsel and counsel for US Xpress mutually agree in writing to proceed with the Stipulation.

8.5    In the event that the Settlement and this Stipulation are terminated as provided for herein, then (a) this Stipulation shall be null and void and of no further force and effect, including voiding the Preliminary Settlement Class; (b) the Settling Parties shall be restored to their respective positions in the Civil Action immediately prior to the execution of this Stipulation; (c) any portion of the Settlement Funds not used to fund notice and administration shall be returned to US Xpress together with any interest earned thereon; (d) this Stipulation shall not be used in the Civil Action or in any other proceeding for any purpose; and (e) any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

8.6    Upon the filing of the proposed Stipulation with the Court, all proceedings shall be stayed until further order of the Court except such proceedings as may be necessary either to implement the proposed Stipulation or to comply with or effectuate the terms of this Stipulation.

## 9.  Final Judgment

9.1    The Settling Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

    a.  granting final approval of this Stipulation, and directing its implementation pursuant to its terms and provisions;

    b.  ruling on Class Counsel's application for attorneys' fees, costs and other expenses;

c. discharging and releasing the Released Defendant from the Released Claims as provided in Section 3 above;

d. directing that the litigation be dismissed with prejudice, and

e. reserving to the Court continuing and exclusive jurisdiction over the parties with respect to the Stipulation and the Final Judgment.

## 10. Miscellaneous Provisions

10.1   The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2   Neither US Xpress, nor Class Counsel, nor the Named Plaintiffs will encourage any person to request exclusion from membership in the settlement class, encourage any person to object to the Settlement, and/or encourage or discourage any person from participating in the distribution of the proceeds of the Settlement.

10.3   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.4   Class Counsel, on behalf of the Settlement Class, is expressly authorized by Named Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

10.5   This Stipulation shall be binding on, and inure to the benefit of, the successors and assigns of the parties hereto.

10.6    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of US Xpress; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of US Xpress in any civil criminal or administrative proceeding in any court, administrative agency or other tribunal. US Xpress may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.7    Class Counsel agrees not to seek publicity concerning this settlement or this Civil Action.  The Settling Parties agree that any press release or other public comment related to the Civil Action or its resolution shall be limited to a factual description of the terms of the settlement and the remaining procedural steps necessary to secure final approval.  In all events, the parties shall refrain from any accusations or wrongful or actionable conduct by either party and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

10.8    US Xpress and Named Plaintiffs agree that each has complied fully with the stricture of Rules 11 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, and the final judgment will contain a statement to reflect this compliance.

10.9    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.10 This Stipulation and the Exhibits attached hereto constitute the entire agreement between Named Plaintiffs and US Xpress and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

10.11 This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors in interest.

10.12 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to the State's choice of law provisions.

10.13 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

10.14 This Stipulation may be executed in counterparts, including by signature transmitted by facsimile. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

10.15 The Parties and their counsel agree to use their best efforts to obtain Court approval of this Stipulation.

10.16 Except for the Settlement Notices and the CAFA Notice, all notices or formal communications under this Stipulation shall be in writing and shall be given (a) by hand delivery; (b) by registered or certified mail, return receipt requested, postage prepaid; or (c) by

Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses.

For Named Plaintiffs and the Settlement Class:

Dennis M. O'Toole
Anthony R. Pecora,
Matthew A. Dooley
STUMPHAUZER | O'TOOLE
5455 Detroit Road
Sheffield Village, Ohio 44054

For US Xpress:

Roger W. Dickson
Alison B. Martin
Bradford G. Harvey
MILLER & MARTIN, PLLC
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402

10.17 This Stipulation is the entire, complete agreement of each and every term agreed to by the Named Plaintiffs and the Settlement Class on the one hand and UX Xpress and its counsel on the other hand. In entering into this Stipulation, the Named Plaintiffs and the Settlement Class have not relied on any warranty or representation not specifically set forth herein. This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Defense Counsel.

10.18 Class Counsel and Named Plaintiffs agree to refrain from defaming the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case. Class Counsel and Named Plaintiffs agree to refrain from taking any action related to this matter designed to harm the public perception of the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from

a court of competent jurisdiction. US Xpress agrees to refrain from defaming Named Plaintiffs or Class Counsel publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Stipulation.

10.19  The headings in this Stipulation are for the convenience of the reader only and shall not affect the meaning or interpretation of this Stipulation.

10.20  In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Stipulation shall continue in full force and effect without such provision.

10.21  None of the Parties to this Stipulation shall be considered to be the primary drafter of this Stipulation or any provision hereof for the purposes of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

10.22  This Stipulation shall be binding according to its terms upon, and inure to the benefit of, Named Plaintiffs, the Settlement Class, and the Released Defendant.

10.23  The individuals signing this Stipulation on behalf of US Xpress represent that they are fully authorized to enter into, and to execute, this Stipulation on behalf of US Xpress. Class Counsel represent that they are fully authorized to conduct settlement negotiations on behalf of the Named Plaintiffs, and to enter into, and to execute, this Stipulation on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e). Each Named Plaintiff enters into and executes this Stipulation on behalf of himself or herself, and as a representative of and on behalf of the Settlement Class, subject to court approval pursuant to Federal Rule of Civil Procedure 23(e).

10.23  Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed

settlement, and to answer any questions about the settlement, and the legal consequences of this Stipulation, and fully understands and accepts the terms of this Stipulation.

10.24 Named Plaintiffs, Class Counsel and US Xpress may execute this Stipulation in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to this Stipulation. This Stipulation shall not be deemed executed until signed by the Named Plaintiffs, Class Counsel and authorized representatives of US Xpress.

The Court, having reviewed the Stipulation of Settlement, hereby approves the Stipulation of Settlement and Orders the parties to proceed as agreed therein.

**It is so Ordered.**

_____

CURTIS L. COLLIER, UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE**

# IF YOU APPLIED FOR EMPLOYMENT WITH US XPRESS, INC. ("USX") BETWEEN JULY 8, 2009 THROUGH DECEMBER 31, 2011,

## YOU COULD GET A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.

### A federal court authorized this notice. This is not a solicitation from a lawyer.

- A settlement will provide $2,750,000.00 ("the Fund") to pay claims to persons who applied for a job with USX and about whom a background check (consumer report) was obtained and/or relied upon or used.

- The settlement resolves a lawsuit about whether USX violated the Federal Fair Credit Reporting Act ("FCRA") in the manner in which it used the background checks (consumer reports) of persons who applied for jobs with USX; it avoids costs and risks to you from continuing the lawsuit; pays money to persons like you; and releases USX from liability.

- You are entitled to a cash payment equal to a pro rata share of the Fund after payments are made for attorneys' fees, costs of the notice and administration of the settlement, and a class representative fee if you applied for employment with USX from July 8, 2009 to December 31, 2011.

- Court-appointed lawyers for class members will ask the Court for an amount not to exceed thirty three percent (33%) of the fund as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF | You will receive no payment. This is the only option that allows you to ever be part of any other lawsuit against USX about the legal claims in this case. |
| OBJECT | You may write to the Court about why you do not like the settlement. |
| GO TO A HEARING | You may ask the Court to allow you to speak in Court about the fairness of the settlement. |
| DO NOTHING | You will automatically receive your benefit without doing anything if the Court grants final approval of the Settlement. |

The Court overseeing this case still has to decide whether to finally approve the settlement. Payments will be made only if the Court finally approves the settlement and the settlement becomes final. Please be patient.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT www. ClassActionUSX.com

PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

BASIC INFORMATION ............................................................................ PAGE 3

   1.   Why did I get this notice package?
   2.   What is this lawsuit about?
   3.   Why is this a class action?
   4.   Why is there a settlement?

WHO IS IN THE SETTLEMENT ........................................... PAGE 4

   5.   How do I know if I am part of the settlement?

THE SETTLEMENT BENEFITS—WHAT YOU GET .................................. PAGE 4

   6.   What does the settlement provide?
   7.   How much will my payment be?

HOW YOU GET A PAYMENT— ................................................... PAGE 5

   8. How can I get a payment?
   9. When would I get my payment?
  10. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT ................................. PAGE 5

  11. How do I get out of the settlement?
  12. If I don't exclude myself, can I sue USX for the same thing later?
  13. If I exclude myself, can I get money from this settlement?

THE LAWYERS REPRESENTING YOU ....................................... PAGE 6

  14. Do I have a lawyer in the case?
  15. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT ................................................. PAGE 7

  16. How do I tell the Court that I don't like the settlement?
  17. What's the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING ............................................ PAGE 7

  18. When and where will the Court decide whether to approve the settlement?
  19. Do I have to come to the hearing?
  20. May I speak at the hearing?

GETTING MORE INFORMATION ................................................. PAGE 7

  21. Are there more details about the settlement?

# BASIC INFORMATION

You have received this notice because the records of USX or of HireRight Solutions, Inc. (fka "USIS" or "DAC") (hereafter "HireRight") show that you applied for a job at USX and that a background check or other consumer report was obtained about you sometime on or between July 8, 2009 and December 31, 2011. You may be a class member.

The Court sent you this notice because you have a right to know about a proposed settlement of a Class Action lawsuit, and about your options, before the Court decides whether to approve this Settlement. If the Court approves the Settlement and after objections and appeals are resolved, a settlement administrator will distribute the benefits the Settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Tennessee, and the case is known as *Robert R. Bell, Jr., et al v. US Xpress, Inc.*, Case No. 1:11-cv-00181. The persons who sued are called the Plaintiffs, and the company they sued, USX, is called the Defendant.

Plaintiffs allege that USX did not comply with the Fair Credit Reporting Act in the manner in which it obtained and/or relied upon or used the consumer reports of certain job applicants. If you are a Class Member, USX obtained and/or relied upon or used your consumer report from HireRight or another consumer reporting agency in connection with your application for employment with USX. Defendant denies any wrongdoing or liability of any kind related to Plaintiffs' claims.

In a class action, one or more people called Class Representatives (in this case Robert R. Bell, Jr. and Bernard Fentress), sue on behalf of people who may have similar claims. Collectively, those with similar claims form a Class. One court resolves the issues for all Class Members except for those who exclude themselves from the Class. Plaintiffs and Defendant have agreed to treat this cases as a class action for purposes of this Settlement. U.S. District Judge Curtis Collier is in charge of this class action.

The Court did not decide in favor of Plaintiffs or USX. The Plaintiffs think they could have won at trial. USX thinks the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of continued litigation and trial, and the Class Members will receive compensation without the risk that their claims ultimately may be found to lack merit if this case were to proceed through litigation. The Plaintiffs, USX, and Class Counsel think the Settlement is in the best interest of all Class Members.

# WHO IS IN THE SETTLEMENT?

**To see if you will get money from this settlement, you first have to decide if you are a Class Member.**

You are a member of this Settlement Class and are affected by the settlement if you are a United States resident and applied for a truck driving position with USX on or after July 8, 2009 through December 31, 2011 ("Class Period") via facsimile, telephone, electronic mail, internet, or other non-in-person means and USX obtained your consumer report in connection with your application.

Specifically, for the purposes of settlement only, the Court has provisionally certified a Settlement Class as defined as follows:

> All consumers residing in the United States who applied for trucking driving positions with US Xpress during the Class Period via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom US Xpress procured a consumer report.

Excluded from the Class are all counsel in this case, any judge who has presided over either mediation or disposition of this case (and the members of his immediate family), any person who has already released USX, and all Class Members who timely and validly opt to exclude themselves from the Settlement Class. The heirs, successors, or assigns of any of the foregoing are also excluded from the Settlement Class.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

If the Settlement is approved, each member of the Settlement Class will receive an equal share of the $2,750,000 Settlement Fund after distribution of attorneys' fees, costs of settlement administration, and incentive awards for the Named Plaintiffs. USX presently estimates that the Class is comprised of approximately 72,000 Class Members.

If you are a member of the Settlement Class and the Settlement is approved by the Court, ou will be entitled to a cash payment equal to a pro rata share of the Settlement Fund after payments are made for attorneys' fees, costs of settlement administration, and incentive awards for the Named Plaintiffs.

If you are a member of the Settlement Class, you will automatically receive your benefit without doing anything if the Court grants final approval of the Settlement.

The Court will hold a hearing on _____, to decide whether to approve the Settlement. Even after the Court approves the Settlement, there may be appeals. It is difficult to predict whether there will be appeals, and if there are appeals, whether they will be resolved and the timeframe for resolution. Rresolving them can take time, perhaps more than a year. Everyone will be informed of the progress of the Settlement. Please be patient.

Unless you exclude yourself, you are staying in the class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against USX or its affiliates about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If the Court finally approves the Settlement, then you will also be bound by the Stipulation of Settlement (posted on the website www.classactionusx.com), which releases any and all claims, known or unknown, that you may have or claim to have against USX that relate to the use of consumer reports by USX in its employment process.

## Excluding Yourself From the Settlement

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue USX on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is also sometimes referred to as opting out of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter by mail unequivocally stating that you want to be excluded from the Settlement Class in *Bell, et al v. US Xpress, Inc.* and to forego all rights and benefits of the Settlement. Be sure to include your name, address, telephone number, and your original signature. You must mail your exclusion request postmarked no later than _____, to: [Settlement Administrator]. **You are responsible for paying your own postage.**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) USX in the future.

No. Unless you exclude yourself, you give up any right to sue USX for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

No. But, you may sue, continue to sue, or be part of a different lawsuit against USX.

## The Lawyers Representing You

The Court appointed the law firms of Stumphauzer | O'Toole and Consumer Litigation Associates to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment for attorneys' fees and expenses in an amount not to exceed 33% of the Settlement Fund . Class Counsel will also ask the Court to approve payment of $15,000 to Robert R. Bell, Jr. and Bernard Fentress for their services as Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. USX has agreed not to oppose these fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

If you are a Class Member, you can object to the Settlement if you do not like some part of it. You can give reasons why you think the Court should not approve it,and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Bell, et al v. US Xpress, Inc.* Be sure to include your name, address, telephone number, your signature, and the legal and factual reasons you object to the Settlement. Mail the objection to these three different places postmarked no later than _____:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| The Honorable<br>Debra C. Poplin, Clerk<br>United States District Court for the<br>Eastern District of Tennessee,<br>Chattanooga Division<br>900 Georgia Avenue<br>Chattanooga, Tennessee 37402 | Matthew A. Dooley<br>Stumphauzer | O'Toole<br>5455 Detroit Road<br>Sheffield Village, Ohio 44054 | Roger Dickson<br>Miller & Martin PLLC<br>Suite 1000, Volunteer Building<br>832 Georgia Avenue<br>Chattanooga, Tennessee 37402 |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

The Court will hold a Fairness Hearing on _____, at the United States District Court for the Eastern District of Tennessee, Chattanooga Division, which is located at 900 Georgia Avenue Chattanooga, Tennessee 37402. At this

hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The Court may also decide how much Class Counsel should receive in an attorneys' fee award and how much the Named Plaintiffs should receive in an Incentive Award. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at the Final Approval Hearing in *Bell, et al v. US Xpress, Inc.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____ and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 18 above. You cannot speak at the hearing if you excluded yourself from the Settlement Class. You also cannot speak at the hearing unless you have filed a timely and proper objection.

## GETTING MORE INFORMATION

This notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement. You can get a copy of the Stipulation of Settlement by writing to the Settlement Administrator at [address] or by visiting www.ClassActionUSX.com

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| **ROBERT R. BELL, JR., et al.,** | |
| Plaintiffs, | CASE NO. 1:11-CV-00181 |
| vs. | |
| **US XPRESS, INC.** | DISTRICT JUDGE CURTIS COLLIER |
| Defendant. | |

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**

Currently before the Court for preliminary approval is a settlement (the "Settlement") of this class action (the "Civil Action"), asserting claims for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x, with respect to US Xpress, Inc. ("USX" or "Defendant"). The terms of the Settlement are set out in a Stipulation of Settlement dated April 5, 2013 (the "Stipulation"), which has been executed by Plaintiffs Robert R. Bell, Jr. and Bernard Fentress (collectively "Named Plaintiffs") and Defendant (collectively with Plaintiffs, the "Parties"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.

Upon reviewing the Stipulation and the matter having come before the Court, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

**Jurisdiction.** The Court has jurisdiction over the subject matter of the Civil Action and over all Parties to the Civil Action, including all Class Members.

**Class Findings.** The Court preliminary finds, for the purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met as to the Settlement and the Class, in that:

(a)     The Class Members are ascertainable from records that are kept and maintained by HireRight Solutions, Inc., the consumer reporting agency that provided consumer reports to USX, and the Class Members are so numerous that their joinder before the Court would be impracticable.

(b)     Based on the allegations in Plaintiffs' Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law that are common to the Class Members.

(c)     Based on the allegations in Plaintiffs' Amended Complaint, the Court preliminarily finds that the claims of the Named Plaintiffs are typical of the claims of the Class Members.

(d)     The Named Plaintiffs will fairly and adequately protect the interests of the Class Members in that: (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the Class Members; (ii) there are no significant conflicts between or among the Named Plaintiffs and the Class Members; and (iii) the Named Plaintiffs are represented by qualified and reputable counsel.

(e)     The questions of law or fact common to Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**Class Certification.** Based on the findings set forth above, the Court PRELIMINARILY CERTIFIES the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(3) in this litigation (the "Preliminary Settlement Class"):

> All consumers residing in the United States who applied for truck driving positions with USX via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom USX procured a consumer report.

As required by Rule 23(g) of the Federal Rules of Civil Procedure, the Court has considered: (i) the work that Class Counsel has done in identifying or investigating potential claims in the Civil Action; (ii) Class Counsel's experience in handling claims of the type asserted in the Civil Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, their knowledge of the FCRA; and (iv) the resources that Class Counsel have committed to representing the Named Plaintiffs and Class Members. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interest of the Settlement Class. Accordingly, pursuant to Rule 23(g)(2) of the Federal Rules of Civil Procedure, the Court preliminarily designates Stumphauzer O'Toole and Consumer Litigation Associates, PC as co-lead class counsel.

As indicated above, the Court finds that the Named Plaintiffs are adequate and typical class representatives for the Preliminary Settlement Class and, therefore, hereby appoints Named Plaintiffs as the representatives of the Preliminary Settlement Class.

Pursuant to the terms of the Stipulation, the members of the Preliminary Settlement Class may "opt-out," meaning that they make a timely request for exclusion from the Settlement, pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure. The Court also acknowledges that, pursuant to the terms of the Stipulation,

Defendant in its sole discretion also shall have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if more than five percent (5%) of the Settlement Class Members elect to Opt-Out.

**Preliminary Approval of Settlement.** The Settlement documented in the Stipulation is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation of Settlement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to the Named Plaintiffs' and Class Members' claims; (c) there is a genuine controversy between the Parties regarding Defendant's compliance with the requirements of the FCRA; (d) the Settlement appears on its face to be fair, reasonable, and adequate, and (e) the Settlement evidenced by the Stipulation is sufficiently fair, reasonable, and adequate to warrant sending Notice of the Action and the Settlement to the Preliminary Settlement Class.

**Settlement Hearing.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the hearing (the "Settlement Hearing") is hereby SCHEDULED to be held before the Court on _____, 2013 at _____ AM/PM, at the Joel W. Solomon Federal Building, United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, to determine finally, *inter alia*:

(a)     Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)     Whether the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be finally certified by the Court;

4

(c)     Whether the Civil Action should be dismissed with prejudice, pursuant to the terms of the Stipulation;

(d)     Whether the Final Approval Order attached to the Stipulation should be entered and whether the Released Defendant should be released of and from the Released Claims, as provided in the Stipulation;

(e)     Whether the Notice and notice methodology implemented pursuant to the Stipulation were:

(i)     reasonably calculated under the circumstances to apprise Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Hearing;

(ii)     reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and

(iii)     met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

(f)     Whether Class Counsel adequately represents the Class Members for the purposes of entering into and implementing the Stipulation as required by Rule 23(g) of the Federal Rules of Civil Procedure and as preliminary found by the Court;

(g)     Whether the plan of allocation of the Settlement Funds is fair, reasonable, and adequate and should be approved by the Court;

(h)     Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Named Plaintiffs and Class Members, whether the Named Plaintiffs have acted independently, and whether the Named Plaintiffs' interests are identical to the interests of the Class Members;

(i)     Whether the application for attorney's fees and expenses filed by Class Counsel should be approved;

(j)     Whether Incentive Awards should be awarded to the Named Plaintiffs; and

(k)     Any other issues necessary for approval of the Settlement.

**Class Notice**.  The Parties have presented to the Court a proposed Class Notice, which is appended hereto as Exhibit A.  The Court APPROVES the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Settlement Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.

At or before the Settlement Hearing, Plaintiffs shall file with the Court a proof of compliance concerning notification to the Preliminary Settlement Class.

**Objections to Settlement.**  "Objector" shall mean any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the plan of allocation for the Settlement Funds, or to the proposed award of attorney's fees and expenses.   Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below.

The addresses for filing objections with the Court and service on counsel are as follows:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the U.S. District Court<br>Eastern District of Tennessee<br>900 Georgia Avenue, Room 317<br>Chattanooga, TN 37402 | Stumphauzer O'Toole<br>5455 Detroit Road<br>Sheffield Village, OH 44054<br><br>Consumer Litigation<br>Associates, P.C.<br>763 J. Clyde Morris Blvd.<br>Suite 1-A<br>Newport News, VA 23601 | Miller & Martin, PLLC<br>832 Georgia Avenue<br>Volunteer Bldg. Ste. 1000<br>Chattanooga, TN 37402 |

The Objector—or if represented by counsel, his, her or its counsel—must effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Settlement Hearing, or by no later than _____, 2013. Any Class Member or other person who does not timely file and serve a written objection complying the terms set forth above shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement. Any untimely objection shall be barred.

**Appearance at Settlement Hearing.** Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Settlement Hearing either in person or through counsel retained at the Objector's expense. Objectors or their counsel intending to appear at the Settlement Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least fourteen (14) calendar days prior to the Settlement Hearing, or by no later than _____, 2013. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall

not be permitted to appear at the Settlement Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors.** The Parties shall respond to any Objector at least seven (7) calendar days prior to the Settlement Hearing, or by no later than _____, 2013.

**Compliance with Class Action Fairness Act.** Defendant shall, on or before ten (10) days prior to the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**Notice Expenses.** Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Funds, as set forth in the Stipulation.

**Application for Attorney Fees.** Any application by Class Counsel for attorney's fees and reimbursement of expenses, for Incentive Awards for the Named Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least ten (10) calendar days prior to the Settlement Hearing, or by no later than _____, 2013.

**Motion for Final Approval of Settlement and Plan of Allocation.** Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least fourteen (14) calendar days prior to the Settlement Hearing, or by no later than _____, 2013.

**Termination of Settlement.** If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be

8

restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of it shall  be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Civil Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**. The Court reserves the right to continue the Settlement Hearing without further written notice.

**SO ORDERED** this ____ day of _____, 2013.


_____
United States District Court
Judge Curtis Collier

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION**

| | |
|---|---|
| **ROBERT R. BELL, JR., et al.,** | |
| Plaintiffs, | CASE NO. 1:11-CV-00181 |
| vs. | |
| **US XPRESS, INC.** | DISTRICT JUDGE CURTIS COLLIER |
| Defendant. | |

**[PROPOSED] ORDER FOR FINAL
APPROVAL OF PROPOSED CLASS SETTLEMENT AND FINAL JUDGMENT**

This action came before this Court for the Settlement Hearing held on

_____, 2013, on a proposed settlement (the "Settlement") of this class action (the

"Civil Action") preliminarily certified for settlement purposes, and the issues have been

duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

To the extent not otherwise defined herein, all terms shall have the same meaning

as used in the Stipulation of Settlement, executed and filed on April 5, 2013 (the

"Stipulation").

The Court has jurisdiction over the subject matter of the Civil Action and over all

Parties to the Civil Action, including all Class Members.

The Court hereby approves and confirms the Settlement embodied in the

Stipulation as being a fair, reasonable, and adequate settlement and compromise of the

Civil Action, adopts the Stipulation as its Final Judgment, and **ORDERS** that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that the Named Plaintiffs have asserted claims on behalf of Class Members to recover damages arising from certain alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x.

The Court determines that the Settlement, which includes the payment of $2,750,000.00 on behalf of Defendant, has been negotiated vigorously and at arm's length by Class Counsel, and the Court further finds that, at all times, the Named Plaintiffs have acted independently and that their interests are identical to the interests of the Class Members. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court determines that the Class Notice transmitted to the Class Members, pursuant to the Preliminary Approval Order concerning the settlement and other matters set forth therein is the best notice practicable under the circumstances and included individual notice to all Class Members who could be identified through reasonable efforts. Such Class Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

The Court hereby approves the maintenance of the Action as an opt-out class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with the Class being defined as:

> All consumers residing in the United States who applied for truck driving positions with USX via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom USX procured a consumer report.

The definition of the Class shall exclude, however, all Class Members who made a timely request to "opt-out," to be excluded from the Settlement, pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby confirms the appointment of Stumphauzer O'Toole and Consumer Litigation Associates, PC as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Amended Complaint and the Action against Defendant with prejudice, on the merits.

As of the date of Final Settlement Approval and payment of the Settlement Amount, Named Plaintiffs and the Class Members of the Settlement Class, on their own behalf and on behalf of each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf shall be deemed to have released the Released Defendant from the Released Claims.

As of the date of the Final Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect, in accordance with each and all of their express terms and provisions, including those terms and provisions

3

relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, the Named Plaintiffs assume for themselves, and on behalf of the Class Members, and Defendant assumes the risks of any subsequent discovery of any matter, fact, or law that, if now known or understood, would in any respect have affected or could have affected any such person's entering into the Stipulation.

The Court further finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

The Named Plaintiffs and all Class Members are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against the Released Defendant.

The attorneys' fees sought by Class Counsel in the amount of thirty-three percent (33%) of the Settlement Funds established in the Civil Action are reasonable, in light of the successful results achieved by Class Counsel, the monetary benefits obtained in the Civil Action, the substantial risks associated with the Civil Action, the litigation expenses incurred by Class Counsel in the course of prosecuting the Civil Action, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of _____ percent (___%) of the Settlement Funds established for the Civil Action, specifically $_____.

Named Plaintiffs shall each receive Incentive Awards in the amount of $15,000.00 each and shall be paid pursuant to the requirements described in the Stipulation.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional

4

orders to effectuate the fair and orderly administration and consummation of the Stipulation and the Settlement, as many form time to time as may be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this \_\_\_\_ day of _____, 2013.

_____
United States District Court
Judge Curtis Collier

5