IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **ROBERT R. BELL, JR., et al.,** | |
| Plaintiffs, | CASE NO. 1:11-CV-00181 |
| vs. | |
| **US XPRESS, INC.,** | UNITED STATES DISTRICT JUDGE CURTIS COLLIER |
| Defendant. | |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEY FEES AND EXPENSES , AWARDING INCENTIVE PAYMENT TO NAMED PLAINTIFFS AND DISMISSING ACTION**

This matter having come before the Court on September 3, 2014 upon the Plaintiffs' Motion for Final Approval of the Class Action Settlement and Certification of the Class for Settlement Purposes, Motion for and Award of Attorney Fees, Reimbursement of Expenses and Incentive Award to the Named Plaintiffs, Plaintiffs' Supplemental Memorandum in Support of Proposed Class Representative Awards, and upon review and consideration of the Stipulation of Settlement dated April 5, 2013 (the "Stipulation"), the exhibits to the Stipulation, the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, IT IS HEREBY ORDERED and adjudged as follows:

Pursuant to FED. R. CIV. P. 23(e), the settlement of this action, as embodied in the terms of the Stipulation except as modified herein, is hereby finally approved as a fair, reasonable and adequate settlement of this action in light of the factual, legal, practical and procedural considerations raised by this action. The Stipulation except as modified herein is hereby incorporated by reference into this Final Order and Judgment Approving Settlement, Certifying

Settlement Class, Awarding Attorney Fees and Expenses, Awarding Incentive Payment to Named Plaintiff and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Stipulation.

**FINAL ORDER AND JUDGMENT**

On July 8, 2011, Plaintiff, Robert Bell, Jr. and Bernard Fentress (hereinafter referred to as "Named Plaintiffs" or "Class Representatives"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against Defendant, U.S. Xpress, Inc., (hereinafter referred to as "USX"). Named Plaintiffs asserted class claims against USX under the Fair Credit Reporting Act (hereinafter referred to as the "FCRA"), 15 U.S.C. § 1681, *et seq.*

USX denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, ample discovery and mediation, Named Plaintiffs and USX (hereinafter jointly referred to as the "Parties") entered into the Stipulation, which is subject to review under Fed. R. Civ. P. 23.

On April 5, 2013, the Parties filed the Stipulation with the filing of their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, USX served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On April 7, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement

purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Named Plaintiffs as the Class Representatives; (iv) appointed Mr. Leonard A. Bennett, Matthew Erausquin, Mr. Matthew A. Dooley, Mr. Anthony R. Pecora and Mr. Dennis M. O'Toole as Class Counsel; and, (v) set the date and time of the Fairness Hearing.

On August 20, 2014, the Parties filed their Motion for Final Approval of Class Action Settlement, for Award of Attorney's Fees, Expenses and Class Representative Service Award (hereinafter referred to as the "Final Approval Motion").

On September 3, 2014 at 2:00 p.m. EST, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement and Stipulation is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

On September 23, 2014, at the request of the Court, Plaintiffs filed a Supplemental Memorandum in Support of Service Award together with declarations from Mr. Bell and Mr. Fentress. (Doc. 69, 69-1, and 69-2).

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Stipulation, Final Approval Motion, and record finds as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified as a class action on behalf of the following Class Members with respect to the claims asserted in the

Lawsuit:

> All consumers residing in the United States who applied for truck driving positions with USX via facsimile, telephone, electronic mail, internet, or other non-in-person means, and for whom USX procured a consumer report between July 2, 2009 and October 27, 2011.

3. Notice of the Class Settlement was mailed to approximately 85,362 Class Members. Of the 85,362 Class Members, approximately 82,120, or 96.2 percent received notice. Of the approximately 82,120 class members that received notice, only 12 requested to exclude themselves from the settlement and no class member has objected to the settlement.

4. Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs Robert Bell, Jr. and Bernard Fentress as the Class Representative and Mr. Leonard A. Bennett, Matt Erausquin, Mr. Matthew A. Dooley, Mr. Anthony R. Pecora, and Mr. Dennis M. O'Toole as Class Counsel.

5. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to Class Members in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

   c. The claims of the Class Representatives are typical of the claims of the Class Members;

   d. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

4

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Stipulation, except as modified herein, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. The Stipulation, except as modified herein, shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Stipulation include, but are not limited to, the following:

- USX will pay into a Settlement Fund a total gross sum of Two Million Seven-Hundred and Fifty-Thousand Dollars ($2,750,000.00), from which the Class Members shall receive an equal pro rata share after payment of costs of notice and administration, Incentive Awards, and attorneys' fees.

- Class Representatives Bell and Fentress shall each receive service awards of $15,000.[1]

---

[1] The Court is aware of *Vassalle v. Midland Funding LLC* and the need for incentive awards to be fair and for class representatives to not receive preferential treatment. 708 F.3d 747, 755 (6th Cir. 2013). After requesting the parties submit a supplemental brief regarding the incentive payments issue, the Court is satisfied that the named plaintiffs are not receiving unfair preferential treatment. In *Vassalle*, the relief to the unnamed plaintiffs was viewed as perfunctory and preferential where: (1) the unnamed members, who gave up significant rights to challenge the legality of their foreclosures, would only receive a $17.38 payment, which the court considered *de minimis* compared to the $4,516.57 of debt forgiveness that a named plaintiff would receive and (2) the one year of injunctive relief provided would have minimal benefit to the unnamed class members given its narrow focus, short length, and focus on prospective relief. Notably, out of 1.4 million potential class members, only 133,000 (or 9.2%) filed claims; 4,262 opted out; and 61 class members filed objections, including most of the state Attorneys General.

5

- From the Settlement Fund, the Court awards attorney's fees and costs totaling 33% of the total Settlement Fund of $2,750,000.00 for Class Counsel.

- Any remaining sums shall be distributed to a *cy pres* beneficiary selected jointly by Class Counsel and USX's counsel and approved by the Court.

9. Counsel's recommendation of the Truckload Carriers Association Scholarship, the Southeast Tennessee Legal Services and the Legal Aid of East Tennessee as *cy pres* beneficiaries is consistent with the gravamen of the Litigation, and therefore, each beneficiary shall be designated to receive a percentage and disbursement of uncashed checks, if any, pursuant to Paragraph 8 above and according to the following percentages: Truckload Carriers Association Scholarship (50%), the Southeast Tennessee Legal Services (25%) and the Legal Aid of East Tennessee (25%).

10. The Class Members were given an opportunity to object to the settlement. No Class Members filed objections with the Court out of 82,120 Class Members that received notice. The opt-out members are excluded from the class and settlement and are not bound by this order. The identity of such person is set forth in the Opt-Out List filed with this court (Doc.

---

In determining the fairness of incentives, post-*Vassalle* case law has focused on lack of objection and the efforts of the named plaintiff. *See, e.g.*, *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *13 (E.D. Mich. July 31, 2013) (noting that "[n]one of the objections mentioned or objected to the incentive award" and that the named plaintiff "spent extensive time and effort in this litigation acting as a class representative . . . ."); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880, at *5 (S.D. Ohio May 24, 2013) (pointing to absence of objections and the work of the named plaintiff in approving $12,500 incentive payment). In the instant case, nobody in the 82,362-person class objected to the proposed incentive award and only .01% excluded themselves from the settlement. Further, Mr. Bell and Mr. Fentress committed substantial time and attention to this case. They assisted in preparing the factual summaries regarding their experiences, reviewed pleadings for accuracy, assisted in settlement discussions, forfeited state law remedies, and resisted the temptation to be "picked off" through a direct settlement (Court File No. 69-1, Bell Decl.; Court File No. 69-2, Fentress Decl.). Further, the relative smallness (about $20) the unnamed plaintiffs' awards is in part a result of there not being a claims process. Here, all 82,362 class members will receive an award, not just the ordinary 10-15 percent who file a claim. If this case had a claims procedure that yielded 20 percent, as in *Vasselle,* members would receive about $100 (in *Vasselle* it was only $17.30). Here, 100 percent receive an award.

60).

11.     This order is binding on all Class Members, except those individuals identified in the Opt-Out List (Doc. 66), who validly and timely excluded themselves from the class.

12.     The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the release contained in the Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

13.     The Lawsuit is hereby dismissed with prejudice in all respects.

14.     This order is not, and shall not be construed as, an admission by USX of any liability or wrongdoing in this or in any other proceeding.

15.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Stipulation, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ Debra C. Poplin
  CLERK OF COURT